```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA         :

     -v.-                        :      S3 10 Cr. 162 (KMW)

WESAM EL-HANAFI,                 :
   a/k/a "Khaled," and
SABIRHAN HASANOFF,               :
   a/k/a "Tareq,"
                                 :
            Defendants.
                                 :
- - - - - - - - - - - - - - - X
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/29/10

## PROTECTIVE ORDER

WHEREAS this matter comes before the Court upon the Government's motion for a Protective Order to prevent the unauthorized disclosure or dissemination of classified national security information and documents belonging to the United States Government which may be reviewed by, made available to, or is or may otherwise come to be in the possession of the defendant and defense counsel in this case, and

WHEREAS the Government personnel in this case, including Assistant United States Attorneys Brendan R. McGuire, John P. Cronan, and Aimee Hector, who have had, and will have, access to national security information and documents relating to this case have "Top Secret/Sensitive Compartmented Information" ("SCI") security clearances, and

WHEREAS the Government maintains and has access to storage facilities necessary for the storage, maintenance, and

handling of "Secret" and "Top Secret" national security information and documents, as well as material additionally controlled as SCI, and

WHEREAS the national security information in this case may be classified at the "Secret" and "Top Secret" levels, or additionally controlled as "SCI,"

IT IS HEREBY ORDERED AND ADJUDGED that, pursuant to the authority granted under Sections 3 and 9 of the Classified Information Procedures Act, 18 U.S.C. App. III ("CIPA"), the Security Procedures Established Pursuant to Pub. L. No. 96-456, 94 Stat. 2025, by the Chief Justice of the United States for the Protection of Classified Information (the "Security Procedures") (reprinted following CIPA § 9), Rules 16(d) and 57 of the Federal Rules of Criminal Procedure, and the general supervisory authority of the Court, and to protect the national security, the following Protective Order is entered.

1.    The Court finds that this case involves information that has been classified in the interest of the national security of the United States pursuant to Executive Order 12958, as amended.1 The storage, handling, and control of this information will require special security precautions mandated by statute, executive order, and regulation, and access

---

1 Executive Order 12958 was amended by Executive Order 13292. See Exec. Order No. 13292, 68 Fed. Reg. 15315 (Mar. 28, 2003). All citations to Exec. Order No. 12958 are to the Order as amended by Exec. Order No. 13292. See Exec. Order No. 12,958, 3 C.F.R. 333 (1995), reprinted as amended in 50 U.S.C.A. § 435 note at 180 (Supp. 2007).

to which requires the appropriate security clearances and a "need to know," as defined in section 6.1(z) of Executive Order 12958.

2.    The purpose of this Order is to establish the procedures that must be followed by all defense counsel of record, the defendants, all other counsel involved in this case, translators for the defense, any other persons retained by the defense, any Court personnel, and all other individuals who receive access to classified national security information or documents in connection with this case.

3.    The procedures set forth in this Protective Order, the Security Procedures, and CIPA will apply to all pre-trial, trial, post-trial, and appellate aspects concerning this case, and may be modified from time to time by further order of the Court acting under Rule 16(d) of the Federal Rules of Criminal Procedure, Sections 3 and 9 of CIPA, and its inherent supervisory authority to ensure a fair and expeditious trial.

4.    As used herein, the terms "classified national security information and documents," "classified information," and "classified documents" refer to:

a.    any document or information which has been classified by any Executive Branch agency in the interests of national security, or pursuant to Executive Order 12958, as amended, or its predecessor orders, as "CONFIDENTIAL," "SECRET," or "TOP SECRET," or additionally controlled as "SENSITIVE

COMPARTMENTED INFORMATION (SCI)," or any information contained in such a document;

b.     any document or information, regardless of its physical form or characteristics, now or formerly in the possession of a private party, which has been derived from United States government information that was classified, regardless whether such document or information has subsequently been classified by the government pursuant to Executive Order 12958, as amended by Executive Order 13292, or predecessor Orders as "CONFIDENTIAL," "SECRET," or "TOP SECRET" or additionally controlled as "SENSITIVE COMPARTMENTED INFORMATION (SCI)";

c.     verbal information known to the defendant, defense counsel, or any person retained by defense counsel, as containing classified information as defined herein;

d.     any information, regardless of place or origin and including "foreign government information" as that term is defined in Executive Order 12958, as amended, or its predecessor orders, that defense counsel reasonably believe to contain classified information; and

e.     any document or information as to which the Government has provided notice that such document or information contains classified information.

5.     As used herein, the terms "document" or "information" include, but are not limited to, all written or

printed matter of any kind, formal or informal, including originals, all identical or conforming copies, and all non-identical or non-conforming copies (whether different from the original by reason of any notation made on such copies or otherwise), including, without limitation:

a. pleadings; orders; papers; correspondence; memoranda; notes; letters; reports; summaries; inter-office and intra-office communications; notations of any sort concerning conversations, meetings or other communications; teletypes, telegrams, and faxes; invoices; worksheets; and all drafts, alterations, modifications, changes, and amendments of any kind of the foregoing;

b. graphic or aural records or representations of any kind, including, without limitation, photographs, maps, charts, graphs, microfiches, microfilm, video tapes, sound recording of any kind, motion pictures;

c. electronic, mechanical, or electric records or representations of any kind, including, without limitation, tapes, cassettes, disks, recordings, films, typewriter or correcting ribbons, computer tapes or disks, CD-ROMs, DVDs, and all manner of electronic data storage; and

d. information acquired aurally.

6.    Information in the public domain is ordinarily
unclassified.  However, if classified information is reported in
the media or otherwise enters the public domain, the information
does not lose its classified status merely because it is in the
public domain.  Information reported in the media or otherwise in
the public domain may be considered classified and subject to the
provisions of CIPA if the information in fact remains classified
and is confirmed by any person who has, or has had, such access
to classified information and that confirmation corroborates the
information in question.  Accordingly, any attempt by the defense
to have classified information that has been reported in the
public domain confirmed or denied at trial or in any public
proceeding in this case shall be governed by CIPA and all
provisions of this Order.

7.    All classified documents and information contained
therein, shall remain classified unless the documents bear a
clear indication that they have been declassified by the agency
or department that originated the documents or information
contained therein.

8.    Any information that is obtained by the defense,
other than information produced to the defense by the Government
counsel during discovery in this case, that may fall under one of
the definitions of classified information outlined in paragraphs

4(a)-(e) above, and which the defense seeks to use in the course
of this litigation, must be brought to the attention of the Court
Security Officer or Government counsel. If such information is
confirmed as being classified by the Court Security Officer or
Government counsel, any attempt by the defense to use that
information at trial or in any public proceeding in this case
shall be governed by CIPA and all provisions of this Protective
Order.

9.    In accordance with the provisions of CIPA and the
Security procedures promulgated by the Chief Justice of the
United States pursuant to that Act, this Court appoints Michael
P. Macisso as the Court Security Officer (hereinafter "CSO") who
will provide security arrangements necessary to protect from
unauthorized disclosure any classified information or document
made available to the defense or the Court in connection with
this case.  The Court also appoints Joan B. Kennedy, Christine E.
Gunning, Miguel Ferrer, Jennifer H. Campbell, Daniel O.
Hartenstine, John Arszulowicz, Branden Forsgren, Maura Peterson,
and W. Scooter Slade as alternate CSOs.  Defense counsel and
Court personnel shall seek guidance from the CSO with regard to
appropriate storage, handling, transmittal, and use of classified
information.

10.   If deemed necessary by the CSO or the Government,
the CSO shall arrange for and maintain an appropriately approved
secure area for the use of defense counsel. "Secure area" means
a sensitive compartmented information facility ("SCIF")
accredited by a Court Security Officer for the storage, handling,
and control of classified information.  The Court Security
Officer shall establish procedures to assure that the secure area
is accessible to defense counsel during business hours and at
other times upon reasonable request as approved by the Court
Security Officer.  The secure area shall contain a separate
working area for defense counsel and will be outfitted with any
secure office equipment requested by the defense that is
reasonable and necessary to the preparation of the defense. The
Court Security Officer, in consultation with defense counsel,
shall establish procedures to assure that the secure area may be
maintained and operated in the most efficient manner consistent
with the protection of classified information.  The Court
Security Officer shall not reveal to the Government the content
of any conversations he or she may hear among the defense, nor
reveal the nature of the documents being reviewed or the work
being generated.  The presence of the Court Security Officer
shall not operate to render inapplicable the privilege for
attorney-client communications.

11.   No defendant, counsel for a defendant, employee of counsel for a defendant, person retained by counsel for defendant, or defense witness shall have access to any classified information involved in this case unless that person shall first have:

a.   received the necessary security clearance as determined by the Department of Justice Security Officer working in conjunction with the CSO, or approval from the Government for access to the particular classified information in question;

b.   a need to know; and

c.   signed the Memorandum of Understanding in the form attached hereto agreeing to comply with the terms of this Order.

12.   Pursuant to Section 4 of the Security Procedures, no court personnel (except for the Judge) required by this Court for its assistance shall have access to any classified information involved in this case unless that person shall first have received the necessary security clearance as determined by the Department of Justice Security Officer.

13.   Standard Form 86, "Questionnaire for National Security Positions," attached releases, and full fingerprints shall be completed and submitted to the CSO forthwith by all defense counsel not otherwise already cleared, all persons whose

assistance the defense reasonably requires, and by such courtroom personnel as the Court requires for its assistance. The CSO shall undertake all reasonable steps to process all security clearance applications in accordance with applicable regulations.

14. Prior security clearance and a "need to know" as determined by any government entity as applying to one person does not give that person the authority to disclose any classified national security documents or information to any other individual. By way of example, but not limitation, defense counsel with appropriate clearances and a "need to know," as determined by the Government, are not authorized to discuss or otherwise disclose such classified information with an uncleared defendant absent written permission of the Government.

15. If they have obtained the appropriate clearances, have a need to know, and have executed a copy of the Memorandum of Understanding attached hereto, the defendants, their counsel, and any employees or agents of defense counsel, or cleared witnesses accompanied by defense counsel shall have access to classified information only as follows:

a. All classified information produced by the Government to the defense in discovery or otherwise, and all classified information possessed, created, or maintained by the defense, shall be stored, maintained and used only in the secure

area established by the Court Security Officer.  No classified
information shall be maintained by the defense in any other place
other than the secure area established by the Court Security
Officer.

           b.    The defendants and their counsel shall have
free access to the classified information made available to them
in the secure area established by the Court Security Officer and
shall be allowed to take notes and prepare documents with respect
to those materials.

           c.    No person, including the defense counsel,
shall copy or reproduce any classified information in any manner
or form, except with the approval of the Court Security Officer
or in accordance with the procedures established by the Court
Security Officer for the operation of the secure area.

           d.    All documents prepared by the defense
(including, without limitation, pleadings or other documents
intended for filing with the Court) that do or may contain
classified information must be prepared in a secure area on word
processing equipment approved by the Court Security Officer.  All
such documents and any associated materials (such as notes,
drafts, copies, typewriter ribbons, magnetic recordings,
exhibits) containing classified information shall be maintained
in the secure area unless and until the Court Security Officer
determines that those documents or associated materials are

unclassified in their entirety.  None of these materials shall be
disclosed to counsel for the United States.

            e.   The defense shall discuss classified
information only with other cleared persons and only in the
secure area or in an area authorized by the Court Security
Officer.

            f.   The defense shall not disclose, without prior
approval of the Court, the contents of any classified documents
or information to any person not named in this Order except the
Court, Court personnel, and the attorneys for the United States
identified by the Court Security Officer as having the
appropriate clearances and the need to know.  Counsel for the
United States shall be given an opportunity to be heard in
response to any defense request for disclosure to a person not
named in this Order.  Any person approved by the Court for
disclosure under this paragraph shall be required to obtain the
appropriate security clearance, to sign and submit to the Court
the Memorandum of Understanding appended to the Order, and to
comply with all the terms and conditions of the Order.  If
preparation of the defense requires that classified information
be disclosed to persons not named in this Order, the Department
of Justice shall promptly seek to obtain security clearances for
them at the request of defense counsel.

g. The defense, including defendants, their counsel, and any other later cleared employees, agents, or defense witnesses, shall not discuss classified information over any standard commercial telephone instrument, cellular telephone, or office intercommunication systems, including but not limited to the internet, or in the presence of any person who has not been granted access by the Court to classified information.

h. Any documents written by the defense that do or may contain classified information shall be transcribed, recorded, typed, duplicated, copied, or otherwise prepared only by persons who have received an appropriate approval for access to classified information.

i. If counsel for the Government advises defense counsel that certain classified information or documents may not be disclosed to the defendants, then defense counsel shall not disclose such information or documents to the defendants without prior concurrence of counsel for the Government or, absent such concurrence, approval of the Court. Counsel for the Government shall be given an opportunity to be heard in response to any defense request for the disclosure to the defendants of such classified information.

16. The substitution, departure, or removal for any reason from this case of any defense counsel, defendant, or

anyone associated with the defense as a witness or otherwise
shall not release that individual from the provisions of this
Order or any form or document executed in connection with this
Order.  Because classified information remains the property of
the United States Government, the persons covered in this order
are bound by any subsequent conditions imposed on the classified
information or documents, even if more restrictive.

17.  All written pleadings, filings, attachments, or
documents involving classified information, or those which
defense counsel reasonably believes may cause the disclosure of
classified information, or which concern or relate to national
security or intelligence matters, shall not be publicly filed,
but shall be filed under seal with the CSO or designee and shall
be marked: "Filed in Camera and Under Seal with the Court
Security Officer," with separate service of copies upon counsel
for the Government (except in the event of an ex parte
application), provided that the materials be transported by, and
delivered to, persons known to have the appropriate security
clearance.  The date and time of physical submission to the CSO
shall be considered the date and time of the filing.  The Court
Security Officer shall promptly examine the pleading or document
and, in consultation with representatives of the appropriate
agencies, determine whether the pleading or document contains

classified information.   If the Court Security Officer determines
that the pleading or document contains classified information, he
or she shall ensure that the portion of the document containing
classified information, and only that portion, is marked with the
appropriate classification marking and remains under seal.   All
portions of all paper filed by the defendants that do not contain
classified information shall be unsealed by the Court Security
Officer and placed in the public record.   The Court Security
Officer shall deliver under seal to the Court and counsel for the
United States any pleading or document to be filed by the
defendants that contains classified information.   The Court shall
then direct the clerk to enter on the docket sheet the title of
the pleading or document, the date it was filed, and the fact
that it has been filed under seal with the Court Security
Officer.

          18.   Any pleading or other document filed by the
Government containing classified information shall be filed under
seal with the Court through the CSO or a designee.   Such
pleadings and documents shall be marked, "Filed Under Seal with
the Court Security Officer." The date and time of physical
submission to the CSO shall be considered the date and time of
the filing.

          19.   The CSO shall maintain a separate sealed record

for those materials which are classified. The CSO shall be
responsible for the maintaining of the secured record for
purposes of later proceedings or appeals.

20. Any unauthorized disclosure of classified
information may constitute a violation of United States criminal
laws. In addition, any violation of the terms of this Order
shall be brought immediately to the attention of this Court and
may result in a charge of contempt of court and possible referral
for criminal prosecution. Any breach of this Order may also
result in the termination of a person's access to classified
information. Persons subject to this Order are advised that
direct or indirect unauthorized disclosure, retention, or
negligent handling of classified documents or information could
cause serious damage, and, in some cases, exceptionally grave
damage to the national security of the United States, or may be
used to the advantage of a foreign nation against the interests
of the United States. This Protective Order is to ensure that
those persons authorized to receive classified information in
connection with this case will never divulge the classified
information disclosed to them to anyone who is not authorized to
receive it, without prior written authorization from the
originating agency and in conformity with this Protective Order.
Nothing in this Protective Order shall be construed to limit the

Government's ability to enforce the criminal laws related to the unauthorized disclosure of classified information.

21. All classified documents and information to which the defense (including the defendant, counsel for the defendant, anyone retained by counsel for the defendant, and any later cleared employee of counsel for the defendant, or cleared defense witness) has access in this case is now and will remain the property of the United States government. The defendant, defense counsel, later cleared defense counsel employees or agents, and cleared defense witnesses shall return all classified information in their possession obtained through discovery from the Government in this case upon demand by the CSO. Any notes, summaries, and other documents prepared by the defense that do or may contain classified information shall remain at all times in the custody of the CSO for the duration of this case. At the conclusion of this case, all such notes, summaries, and other documents are to be destroyed by the CSO in the presence of defense counsel.

22. A copy of this Protective Order shall issue forthwith to defense counsel named herein, who shall be responsible for advising the defendant, defense counsel employees or agents, and defense witnesses of the contents of this Protective Order. The defendant, defense counsel, court

personnel and any other individuals who will be provided access
to classified information shall execute the Memorandum of
Understanding appended to this Protective Order, and defense
counsel shall file executed originals with the Court and the CSO,
and serve executed originals upon the Government.  The execution
and filing of the Memorandum of Understanding are conditions
precedent for the defendant, defense counsel, or any other person
assisting the defense to have access to classified information in
this case.

Dated:     July 28, 2010

                                SO ORDERED:


                                _Kimba M. Wood_____
                                HON. KIMBA M. WOOD
                                United States District Judge
                                Southern District of New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA          :

     -v.-                         :     S3 10 Cr. 162 (KMW)

WESAM EL-HANAFI,                  :
  a/k/a "Khaled," and
SABIRHAN HASANOFF,               :
  a/k/a "Tareq,"
                                  :
          Defendants.
                                  :
- - - - - - - - - - - - - - - X

MEMORANDUM OF UNDERSTANDING
REGARDING RECEIPT OF CLASSIFIED INFORMATION

          Having familiarized myself with the applicable

statutes, regulations, and orders related to unauthorized

disclosure of classified information, espionage, and related

offenses, including but not limited to:  The Intelligence Agents

Identities Protection Act, 50 U.S.C. § 421; 18 U.S.C. § 641; 50

U.S.C. § 783; 28 C.F.R. § 17 et seq.; and Executive Order 12356,

I understand that I may be the recipient of information and

documents that concern the present and future security of the

United States and belong to the United States, and that such

documents and information together with the methods and sources

of collecting it are classified by the United States Government.

 In consideration for the disclosure of classified information

and documents:

1.    I agree that I shall never divulge, publish, or reveal either by word, conduct, or any other means, such classified documents and information unless specifically authorized in writing to do so by an authorized representative of the United States Government; or as expressly authorized by the Court pursuant to the Classified Information Procedures Act and the Protective Order entered in the case of United States v. Wesam El-Hanafi and Sabirhan Hasanoff, S3 10 Cr. 162 (KMW), Southern District of New York (the "Protective Order").

2.    I agree that this Memorandum and any other non-disclosure agreement signed by me will remain forever binding on me.

3.    I have received, read, and understand the Protective Order, relating to classified information, and I agree to comply with the provisions thereof.  In addition, as set forth in paragraph 16 of the Protective Order, I agree to be bound by any subsequent conditions imposed on the classified information or documents, even if more restrictive.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information and belief.


_____          _____
Court Security Officer                    Date


_____          _____
JaneAnne Murray, Esq.                     Date
Counsel for Defendant El-Hanafi


_____          _____
Justine Harris, Esq.                      Date
Counsel for Defendant El-Hanafi