UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA           :           S4 10 Cr. 162 (KMW)

       - against -           :

SABIRHAN HASANOFF, et al.,           :

                    Defendant.           :
-------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
# SABIRHAN HASANOFF'S BILL OF PARTICULARS MOTION

                                         DAVID A. RUHNKE
                                         RUHNKE & BARRETT
                                         47 Park Street
                                         Montclair, New Jersey 07042
                                         (973) 744-1000

                                         JOSHUA L. DRATEL
                                         JOSHUA L. DRATEL, P.C.
                                         2 Wall Street
                                         3rd floor
                                         New York, New York 10005
                                         (212) 732-0707

                                         *Attorneys for Defendant Sabirhan Hasanoff*

– Of Counsel –

Joshua L. Dratel
David A. Ruhnke
Lindsay A. Lewis

TABLE OF CONTENTS

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of the Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT

POINT I

THE COURT SHOULD COMPEL THE
GOVERNMENT TO PRODUCE THE
REQUESTED BILL OF PARTICULARS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

A.     *A Bill of Particulars Is Necessary for the Preparation of Mr. Hasanoff's Defense* . . . . . 3

       1.     *The Government Must Specify Distinctions, If Any, Between Separate Counts* . . 4

             a.     *Distinguishing the "Material Support"*
                    *Charges (Counts One and Two)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

             b.     *Distinguishing the IEEPA Charges (Counts Three and Four)* . . . . . . . . . 6

             c.     *Distinguishing Each Count from the Other Three Counts* . . . . . . . . . . . 6

             d.     *Distinguishing the Conspiracies Alleged In Counts One and Three* . . . . . 7

       2.     *The Government Must Particularize the Allegations Against Mr. Hasanoff*
             *Specifically, As Opposed to Those Against His Co-Defendant* . . . . . . . . . . . . . . . 7

       3.     *The Government Must Particularize Transactions the*
             *Indictment Describes In Undefined or Only General Terms* . . . . . . . . . . . . . . . . . 8

       4.     *The Government Must Identify the Contents Of,*
             *and Parties Involved In, the Communications Alleged* . . . . . . . . . . . . . . . . . . . . 10

B.     *A Bill of Particulars Is Necessary to Protect*
        *Mr. Hasanoff Against Double Jeopardy* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

POINT II

MR. HASANOFF SHOULD BE GRANTED LEAVE
TO JOIN IN HIS CO-DEFENDANT'S MOTIONS TO THE
EXTENT THEY INURE TO MR. HASANOFF'S BENEFIT . . . . . . . . . . . . . . . . . . . . . . . . . 12

POINT III

MR. HASANOFF SHOULD BE GRANTED
LEAVE TO MAKE ADDITIONAL MOTIONS
AS AND IF THEY BECOME APPROPRIATE
IN LIGHT OF FURTHER DISCOVERY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

### Introduction

This Memorandum of Law is submitted on behalf of defendant Sabirhan Hasanoff in support of his motions (a) for a Bill of Particulars; (b) to join in his co-defendants' discovery motions to the extent they benefit Mr. Hasanoff; and (c) for leave to make additional discovery and Bill of Particulars motions as and if they become appropriate in light of further discovery.

### Statement of the Facts

Sabirhan Hasanoff and his co-defendant, Wesam El-Hanafi, are charged with: conspiracy to provide material support or resources to a foreign terrorist organization (hereinafter "FTO"), in violation of 18 U.S.C. §2239B (Count One); providing or attempting to provide material support or resources to an FTO, in violation of 18 U.S.C. §2239B (Count Two); conspiracy to make and receive a contribution of funds, goods, or services to, and for the benefit of, *al Qaeda*, in violation of the International Emergency Economic Powers Act (hereinafter "IEEPA") (50 U.S.C. §1705(a), 31 C.F.R. §595.204 & 595.205) (Count Three); making and receiving a contribution of funds, goods, or services to, and for the benefit of, *al Qaeda*, in violation IEEPA (Count Four); and forfeiture allegations pursuant to 18 U.S.C. §§981(a)(1)(c), (a)(1)(G), and 28 U.S.C. §2461(c).

The Indictment alleges that at least two Overt Acts [(b) and (c) in Counts One and Three], occurred in Yemen, and that the "material support" alleged in Count Two was provided to "al Qaeda associates in Yemen and elsewhere." In addition, both defendants were residents of the United Arab Emirates (hereinafter "U.A.E.") for a substantial part of the relevant period in the Indictment, and discovery has indicated that other transactions occurred in Egypt and perhaps Denmark. Moreover, other Overt Acts do not specify where they occurred.

Mr. Hasanoff's request for a Bill of Particulars (and additional discovery demands) was communicated to the government in writing by letter dated January 11, 2011 [*see* January 11, 2011, Letter From Joshua L. Dratel, Esq., to Assistant United States Attorney Brendan Robert McGuire, a copy of which is attached as Exhibit 1 to the January 18, 2011, Declaration of Joshua L Dratel, Esq. (hereinafter "Dratel Decl.")].

In that letter, Mr. Hasanoff also joined in his co-defendant Wesam El-Hanafi's, October 25, 2010, request for discovery, to the extent that it covered any discovery materials related to Mr. Hasanoff.[1]  Subsequently, AUSA Brendan McGuire informed counsel for Mr. Hasanoff that the government declines to provide any of the requested particulars.  *See* Dratel Decl., at ¶ 2.  Consequently, this motion is necessary in order to provide Mr. Hasanoff the requested particulars.

## ARGUMENT

### POINT I

### THE COURT SHOULD COMPEL THE GOVERNMENT TO PRODUCE THE REQUESTED BILL OF PARTICULARS

As the Second Circuit has explained, a Bill of Particulars achieves two discrete objectives:

> [a] bill is appropriate to permit a defendant "to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be

---

[1] Counsel are also preparing classified discovery and Bill of Particulars requests with respect to those discovery issues that clearly relate to or implicate classified materials and information.  Those requests will be communicated separately to the government in classified form, and will be the subject of classified motions, if necessary.

2

prosecuted a second time for the same offense."

*United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988), *quoting United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987).  *See also United States v. Nachamie*, 91 F. Supp.2d 565, 570 (S.D.N.Y. 2000) (*quoting Bortnovsky*, 820 F.2d at 574) (ordering a Bill of Particulars).

These two salutary purposes are implicated quite clearly with respect to Mr. Hasanoff. Without further elucidation of the generic descriptions of the charges against him in the Indictment, not only will Mr. Hasanoff be unable to prepare his defense, but the other purpose of a Bill of Particulars – that of specifying offenses charged in order to define any possible future claims of Double Jeopardy – cannot be achieved, either.  *See United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988), (*citing and quoting United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987)).  Thus, Mr. Hasanoff's request for a Bill of Particulars should be granted.

**A.**     ***A Bill of Particulars Is Necessary for the Preparation of Mr. Hasanoff's Defense***

Absent a Bill of Particulars, Mr. Hasanoff will proceed to trial without sufficient notice of precisely what charges he faces, and without ample time to identify and locate witnesses and/or conduct a meaningful investigation of the offenses alleged.  As noted **ante**, at 1, the Indictment alleges, and discovery produced thus far demonstrates, that events and conversations occurred, and witnesses may be located, in a number of countries, including Yemen, the U.A.E., Egypt, Denmark, and "elsewhere," and distant locales that are not only difficult to reach, but in which ordinary and efficient investigation is impeded by factors (*i.e.*, language, culture, and governmental authority) beyond counsel's control.  Consequently, learning important particulars immediately before, or even during trial, will effectively preclude *any* defense investigation, or

ability to prepare adequately, with respect to those issues.

As a result, a Bill of Particulars is necessary to inform Mr. Hasanoff of the specific elements of the charged conspiracies and substantive offenses, including: (1) any distinction between the four separate counts; (2) any distinction between defendants with respect to certain allegations; (3) particularization of specific transactions the Indictment describes in undefined or only general terms; and (4) the manner of, contents of, and parties involved in, the communications and acts alleged. If Mr. Hasanoff is not provided with a Bill of Particulars, his ability to prepare his defense will be irremediably impaired.

> 1.  *The Government Must Specify Distinctions, If Any, Between Separate Counts*

The Indictment alleges against Mr. Hasanoff two charges of providing "material support or resources to a FTO" (Counts One and Two), and two charges of "making and receiving a contribution of funds, goods, or services to, and for the benefit of, *al Qaeda*" (Counts 3 and 4). The two sets of statutory violations, 18 U.S.C. §2339B (Counts One and Two) and IEEPA (Counts Three and Four), each charge a conspiracy (Counts One and Three, respectively) and substantive violation (Counts Two and Four, respectively).

In all four counts, though, the terms referring to the provisions made to *al Qaeda* are interchangeable: "services," "currency," and "physical assets" in Counts One and Two, and, in Counts Three and Four, "funds, goods, or services," as well as "money," "equipment" and "technological advice." In addition, both conspiracies charged in the Indictment rely on the same overt acts.

Thus, Mr. Hasanoff's request for a Bill of Particulars seeks information that will provide meaningful distinctions, if any exist: (1) between the two "material support" counts (Counts One

and Two);  (2) between the two IEEPA counts (Counts Three and Four);  (3)  between the two conspiracies alleged in the Indictment (Counts One and Three);  and (4)  among the four counts individually.

Identification of such distinctions – or knowledge that the counts are, in fact, indistinct – is necessary to enable Mr. Hasanoff to discern the precise nature of the separate charges he faces and prepare for trial, *i.e.*, whether each count or group of counts charges something different or the same (but pursuant to a different statute or theory of liability), and to possess adequate protection against Double Jeopardy (including collateral estoppel).

        a.      *Distinguishing the "Material Support" Charges (Counts One and Two)*

The Indictment fails to state whether the type of "material support" alleged in Count One is the same as the "material support" alleged in Count Two.  Instead, in both Counts One and Two, the government generically refers to "services," "currency," and "physical assets" as the type(s) of "material support" provided.  *See* Indictment, at ¶¶ 2 & 4.

The Indictment also fails to identify the specific "services," "currency," or "physical assets" (regardless whether they are the same or different for Counts One and Two), or the manner in which Mr. Hasanoff allegedly provided the "services," "currency," and "physical assets" charged in either Count One or Count Two.  Nor does the government define in those counts "physical assets" – a term not included among the statutorily enumerated forms of "material support," *see* 18 U.S.C. §2339A(1) (defining "material support"), and therefore without any definition or meaning in this context.

Consequently, currently it is unknown whether the "material support" – the "services," "currency," and "physical assets" – charged in Count One is the very same as that charged in

Count Two (and that the only distinction is that Count One charges a conspiracy, while Count Two charges a substantive violation), or whether it is somehow different. Nor does the Indictment identify the specific "services," "currency," or "physical assets" allegedly provided to *al Qaeda* (or which Mr. Hasanoff conspired to provide). Such knowledge is critical not only for purposes of trial preparation, but also for Double Jeopardy and collateral estoppel purposes.

      **b.**    *Distinguishing the IEEPA Charges (Counts Three and Four)*

Similarly, in both Counts Three and Four, the Indictment alleges a contribution of "funds," "goods" and "services," but without distinguishing whether "funds," "goods" and "services" are the same for both counts, or in some manner distinct. Nor are the terms particularized with reference to specific items or acts constituting the "funds," "goods" and "services" alleged.

Counts Three and Four also refer to "money," "equipment" and/or "technological advice," without drawing any distinction (if any exists), between those terms and the "money," "equipment" and/or "technological advice" alleged in Count Three, and that alleged in Count Four. *See* Indictment, at ¶¶ 5 & 7. Nor does the Indictment identify what constitutes the specific "money," "equipment" and "technological advice" alleged.

      **c.**    *Distinguishing Each Count from the Other Three Counts*

Moreover, *all four counts* may well involve the provision of the same support for *al Qaeda*, albeit categorized in different statutory or other terms. Thus, while Counts One and Two use the term "currency," that is not readily distinguishable from the "funds" and "money" alleged in Counts Three and Four. *See* Indictment, at ¶¶ 2, 4, 5, & 7. Likewise, the "goods" and "services" alleged in Counts Three and Four, cannot, without additional specificity, meaningfully be distinguished from the "physical assets," and "services" that Mr. Hasanoff allegedly provided

in Counts One and Two.  *See* Indictment, at ¶¶ 2, 4, 5, & Count Four.

For instance, with regard to "funds," "currency" and "money," the Indictment does not state whether the $50,000 Mr. Hasanoff allegedly received from unnamed co-conspirator, CC-1 [*see* Indictment, at ¶ 3(a)], represents the *same* "funds"/ "money" alleged in Counts Three and Four, and/or "currency" alleged in Counts One and Two, or to what extent, if any, they are distinct.  In order to prepare for trial, and define the allegations for purposes of Double Jeopardy (and collateral estoppel), Mr. Hasanoff must be apprised of the particular nature of the provisions allegedly made to *al Qaeda* in each of Counts One through Four.

### d. *Distinguishing the Conspiracies Alleged In Counts One and Three*

Also, because both conspiracies (Counts One and Three) are based on the same overt acts, the Indictment fails to include any meaningful distinction, if any exists, between the transactions involved in either alleged conspiracy.  In order to permit adequate defense preparation for trial, and to define the scope of Double Jeopardy and collateral estoppel protection, a Bill of Particulars is necessary to determine whether Counts One and Three identify a *single* conspiracy to provide support to *al Qaeda*, simply charged pursuant to two different statutes, or whether, other than any divergent elements of the two offenses, there exists some factual or other distinction.

### 2. *The Government Must Particularize the Allegations Against Mr. Hasanoff Specifically, As Opposed to Those Against His Co-Defendant*

Similarly, certain allegations fail to distinguish Mr. Hasanoff's conduct from that of his co-defendant, Mr. El-Hanafi.  For example, none of the counts in the Indictment specifies whether *Mr. Hasanoff* provided to *al Qaeda* all or some (or which) of the "material support" or "funds, goods, and services" alleged.

Also, certain Overt Acts fail to specify each defendant's alleged conduct.  For instance,

Overt Act (f) alleges that both defendants "had a discussion with CC-1 about joining *al Qaeda*." Likewise, Overt Acts (l) and (m) allege, respectively, communications and a conversation between CC-1 and both defendants without ascribing any role or content to Mr. Hasanoff and/or Mr. El-Hanafi. In order for Mr. Hasanoff to prepare adequately for trial, his particular conduct and statements must be particularized.

### 3. *The Government Must Particularize Transactions the Indictment Describes In Undefined or Only General Terms*

Moreover, many of the transactions in the Indictment, in particular those contained in the "overt acts" section, are cast in extremely general terms or are entirely undefined. For instance, descriptions of the "overt acts" in the Indictment omit necessary details such as (1) locations, dates, and times that transactions occurred (*e.g.*, at ¶ 3(i), the location, date and time that Mr. Hasanoff allegedly instructed CC-1 not to fill his passport with stamps); (2) the parties involved in transactions (*e.g.*, at ¶ 3(l), the specific consulate that CC-1 called after allegedly communicating with Mr. Hasanoff and Mr. El-Hanafi); and (3) the definitions of terms or words, involved in, or characterizing transactions (*e.g.*, at ¶ 3(j), definition of both "tasks" and "performed" with regard to the allegation that Mr. Hasanoff "performed tasks for *al Qaeda*").

In *United States v. Bin Laden (El-Hage)*, 92 F. Supp.2d 225 (S.D.N.Y. 2000), Judge Sand explained that "a bill of particulars [was] necessary . . . to permit the Defendants to prepare a defense and to prevent prejudicial surprise at trial," based, in part, on the Court's conclusion that "several of the allegations contained in the *'Overt Acts' section of the Indictment are cast in terms that are too general*, in the context of [that] particular case, *to permit the Defendants to conduct a meaningfully directed investigation of the relevant facts and circumstances and be prepared to respond to the charges*." *Id.*, at 235 (emphasis added).

8

Here, too, for the same reasons Mr. Hasanoff's request for a Bill of Particulars should be granted. The transactions described in the Indictment lack specificity, and without the details requested by Mr. Hasanoff, such as geographical locations, dates, times, participants, and particularization of acts alleged (and which are attributed specifically to Mr. Hasanoff), it would be impossible for Mr. Hasanoff "to conduct a meaningfully directed investigation."

Also, due to the essentially global and, in many instances, geographically remote nature of the events and conversations – including, as noted **ante**, at 1 & 3, in Yemen, the U.A.E., and "elsewhere," if Mr. Hasanoff is not notified of these particulars sufficiently in advance of trial, he will be unable, at the eleventh hour, to mount a defense based on witnesses, documents, and/or other information that can be procured and produced only through rather challenging, if feasible at all, international investigation and travel. Under such circumstances, his ability to prepare and present a defense would be irreparably impaired. *See Bin Laden (El-Hage)*, 92 F. Supp.2d at 234-36.[2]

In addition, the Indictment's failure to adequately define terms extends to the "forfeiture allegations" against Mr. Hasanoff which are comprised of a series of undefined and/or "too general" terms listing assets subject to forfeiture (*e.g.*, "foreign assets" and "domestic assets . . . derived from, involved in, and used and intended to be used to commit a Federal crime of terrorism"). *See* Indictment, at ¶ 11. Absent his requested Bill of Particulars, Mr. Hasanoff cannot properly, or possibly, understand and contest the nature and breadth of the forfeiture allegations he faces.

---

[2] The unsatisfactory alternative, of course, is a last-minute delay of the trial, or substantial continuance(s) once it begins, in order to permit Mr. Hasanoff to rebut evidence he should be permitted to prepare for *now*.

9

As a result, it is essential that Mr. Hasanoff be apprised sufficiently in advance of trial just what conduct, which parties, which locations, and which assets the government alleges are part of Counts One through Four and/or subject to forfeiture.

### 4. The Government Must Identify the Contents Of, and Parties Involved In, the Communications Alleged

The identification of the manner in which communications occurred, as well as the specific persons involved in them, and their contents, alleged in the Indictment, are equally critical to preparation of Mr. Hasanoff's defense. As with the transactions alleged in the Indictment, the global nature of charges and the alleged communications (and the remoteness of some of the relevant locales), present unique problems for Mr. Hasanoff's defense just as they did in *El-Hage*. 92 F. Supp.2d at 234-35. Also, whether communications were alleged to have occurred in person, or by some telephonic or electronic means, is equally important to preparation, as that requires investigation, and potentially acquisition of documentary evidence and expert forensic analysis.

In the absence of a Bill of Particulars providing the requested details of these communications, defense counsel will not have ample time to identify and locate necessary witnesses and other evidence that may be obtainable only through international investigation and travel, or subpoena. Also, the "*al Qaeda* associates in Yemen," *see* Indictment, at ¶¶ 3(m) & 4, to whom support was allegedly provided need to be identified with precision. Thus, a Bill of Particulars is required to enable adequate defense preparation sufficiently in advance of trial (to be effective). *See, e.g,* Indictment, at.

It should also be noted that material disclosed pursuant to discovery demands and 18 U.S.C. §3500, does not serve as a substitute for a Bill of Particulars. *See, e.g., Davidoff*, 845 F.2d at 1155. This is especially true with regard to communications, and the transactions discussed

**ante**, since late notice (such as via production of "3500 material") might require postponement of the trial in order to allow Mr. Hasanoff's defense team to pursue the evidence in remote and difficult locations. *See also* **ante**, at n. 2.

**B.**     *A Bill of Particulars Is Necessary to Protect Mr. Hasanoff Against Double Jeopardy*

The other purpose of a Bill of Particulars – protecting a defendant against Double Jeopardy – is also crucial to Mr. Hasanoff in light of the fact that the two conspiracies charged against Mr. Hasanoff rely *on the very same overt acts*, and all four counts apparently involve the provision of the *same funds, goods, and services*. The two conspiracies are also indistinguishable from the respective substantive counts alleging violations of the same statutes.

Therefore, a Bill of Particulars is necessary to circumscribe carefully the parameters of this Indictment, to ensure that Mr. Hasanoff is not placed in jeopardy twice for the same offenses. Included within the Double Jeopardy protection is the doctrine of collateral estoppel, *see Ashe v. Swenson*, 397 U.S. 436 (1970), which applies, *inter alia*, when legally distinct charges (based on different offenses, and therefore not subject to challenge under ordinary Double Jeopardy principles) are nevertheless based on identical facts, and a jury's verdict in favor of the defendant on one such count is conclusive with respect to the other count as well.

Accordingly, it is respectfully submitted that the government should be required to provide Mr. Hasanoff with the Bill of Particulars set forth in the January 11, 2011, Letter From Joshua L. Dratel, Esq., to Assistant United States Attorney Brendan Robert McGuire (Exhibit 1 to the Dratel Decl.).

## POINT II

### MR. HASANOFF SHOULD BE GRANTED LEAVE TO JOIN IN HIS CO-DEFENDANT'S MOTIONS TO THE EXTENT THEY INURE TO MR. HASANOFF'S BENEFIT

Mr. Hasanoff respectfully joins in the discovery motions made by his co-defendant, Wesam El-Hanafi, that inure to Mr. Hasanoff's benefit.

## POINT III

### MR. HASANOFF SHOULD BE GRANTED LEAVE TO MAKE ADDITIONAL MOTIONS AS AND IF THEY BECOME APPROPRIATE IN LIGHT OF FURTHER DISCOVERY

Mr. Hasanoff respectfully requests leave to make additional discovery and Bill of Particulars motions when they become appropriate.  *See* accompanying January 18, 2011, Declaration of Joshua L. Dratel, Esq., at ¶ 4.

**Conclusion**

For all the reasons set forth above, and in all papers filed previously, it is respectfully submitted that Mr. Hasanoff's motions for: (1) a Bill of Particulars; (2) leave to join in his co-defendant's discovery motions to the extent they inure to his benefit; and (3) leave to make additional discovery and Bill of Particulars motions as and if they become appropriate in light of further discovery, be granted in their entirety.

Dated: 18 January 2011
      New York, New York

                                    Respectfully submitted,

                                    /S/ Joshua L. Dratel
                                  JOSHUA L. DRATEL
                                  JOSHUA L. DRATEL, P.C.
                                  2 Wall Street
                                  3rd floor
                                  New York, New York 10005
                                  (212) 732-0707

                                  DAVID A. RUHNKE
                                  RUHNKE & BARRETT
                                  47 Park Street
                                  Montclair, New Jersey 07042
                                  (973) 744-1000

                                  *Attorneys for Defendant Sabirhan Hasanoff*

– Of Counsel –

Joshua L. Dratel
David A. Ruhnke
Lindsay A. Lewis