UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA                     S4 10 Cr. 162 (KMW)

    - against -

SABIRHAN HASANOFF,

                           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO BE RELIEVED AS COUNSEL

### Preliminary Statement

This memorandum of law is respectfully submitted in support of the notice of motion requesting that Anthony L. Ricco be relieved as counsel for Sabirhan Hasanoff.

### Statement of Facts

Sabirhan Hasanoff and Wesam El-Hanafi are both charged in a four (4) count indictment with conspiracy to provide material support or resources to a foreign terrorist organization in violation of 18 U.S.C. § 2339B, *inter alia*.

In connection with the preparation and presentment of his defense, Sabirhan Hasanoff hired three (3) attorneys: Anthony L. Ricco on or about May 17, 2010, David A. Ruhnke on or about October 13, 2010, and Joshua L. Dratel on or about November 15, 2010. Sabirhan Hasanoff has now decided to terminate his professional relationship with Anthony L. Ricco and proceed under the guidance and stewardship of attorneys David A. Ruhnke and Joshua L. Dratel.

## POINT I

## SABIRHAN HASANOFF HAS A SIXTH AMENDMENT RIGHT TO SELECT, AND TERMINATE, COUNSEL OF HIS CHOICE

Anthony L. Ricco, Esq., on behalf of Sabirhan Hasanoff, moves to be relieved as counsel in the above proceeding. As stated above, Sabirhan Hasanoff retained three (3) attorneys to prepare and present his defense in this case.

The Sixth Amendment of the Constitution provides that in all criminal cases, the accused shall enjoy the right to counsel in preparation of his defense. It is well established that the Sixth Amendment right to counsel applies to all federal and state criminal prosecutions. See, *Gideon v. Wainwright,* 372 U.S. 335, 342 (1963).

The Sixth Amendment right to counsel encompasses the right to select and retain an attorney of one's choice. See, *Powell v. Alabama,* 287 U.S. 45, 53 (1932); *Wheat v. United States,* 486 U.S. 153, 159 (1988); *United States v. Bubar,* 567 F.2d 192, 203 (2d Cir. 1977). The right to choose counsel of choice includes the right to terminate retained counsel, so long as that decision does not serve to interfere with the orderly integrity of the court proceedings. See, gen., *United States v. Brumer,* 528 F.3d 157, 161 (2d Cir. 2008).

Sabirhan Hasanoff's decision to terminate counsel will have absolutely no impact on the integrity of the court proceedings in this case. In addition, there shall be no lapse in the representation of Sabirhan Hasanoff, as he remains in the capable hands of two (2) of our nation's most highly qualified and experienced criminal defense counsel. Nor shall there be any delay in the court proceedings, as pre-trial motions have been filed and the

preparation of Sabirhan Hasanoff's defense continues to move forward without any interruption.

## CONCLUSION

For the reasons set forth above, Anthony L. Ricco requests that his application to be relieved as counsel be granted in the exercise of prudent judicial discretion.

Dated:  New York, New York
February 7, 2011

                                                  Respectfully submitted,

                                                  *Anthony L. Ricco*
                                                  Anthony L. Ricco, Esq.