UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA      :         S4 10 Cr. 162 (KMW)

      - against -                             :

SABIRHAN HASANOFF, et al.,             :

                            Defendant.    :
-------------------------------------------------------X


# REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SABIRHAN HASANOFF'S BILL OF PARTICULARS MOTION

DAVID A. RUHNKE
RUHNKE & BARRETT
47 Park Street
Montclair, New Jersey 07042
(973) 744-1000

JOSHUA L. DRATEL
JOSHUA L. DRATEL, P.C.
2 Wall Street
3rd floor
New York, New York 10005
(212) 732-0707

*Attorneys for Defendant Sabirhan Hasanoff*

– Of Counsel –

Joshua L. Dratel
David A. Ruhnke
Lindsay A. Lewis

### Introduction

This Reply Memorandum of Law is submitted on behalf of defendant Sabirhan Hasanoff in support of his motion for a Bill of Particulars. Because the government's response has particularized accusations with respect to a variety of our requests, and thus satisfied these requests, this Reply is limited to those Particulars the government has not supplied.

### ARGUMENT

### POINT I

**THE COURT SHOULD COMPEL THE GOVERNMENT TO PROVIDE THE REMAINING PARTICULARS MR. HASANOFF HAS REQUESTED**

The government's response to Mr. Hasanoff's motion for a Bill of Particulars provides details as to certain accusations (sufficient to constitute a Bill of Particulars as to these requested items), but is entirely unresponsive to other requests for particularization. Relying on unremarkable statements of general case law regarding Bill of Particulars requests, and withholding the remaining particulars from Mr. Hasanoff, the government has failed to appreciate the global (and therefore unique) nature of this case, and would deprive Mr. Hasanoff of the ability to identify and locate witnesses and to conduct a meaningful investigation with regard to *all* of the charges alleged.

    A.    *Statements of General Law Regarding Requests for a Bill of Particulars Do Not Sufficiently Guide the Court In This Unique Case*

The government's legal argument in response to Mr. Hasanoff's request for a Bill of Particulars relies solely on statements of general law regarding requests for a Bill of Particulars, which are contained in a series of ordinary cases that do not provide guidance with respect to this case. In particular, the cases the government cites do not envision the unique circumstances of

Mr. Hasanoff's case, which is essentially global, and the often geographically remote nature of the events and conversations the government alleges.

As set forth in Mr. Hasanoff's Memorandum of Law in Support of his Motion for a Bill of Particulars, at 3, the Indictment alleges, and discovery produced thus far demonstrates, events and conversations occurred, and witnesses may be located, in a number of countries, including Yemen, the U.A.E., Egypt, Denmark, and "elsewhere." In light of the government's response to Mr. Hasanoff's request for a Bill of Particulars, it is clear that additional distant locales where events and conversations occurred, and/or witnesses may be located, also include Turkey, Syria, Iraq, Afghanistan, and Somalia.

Consequently, learning important particulars as to these locales, even 14 days before trial (as the government promises), or during trial, will effectively preclude *any* defense investigation, or ability to prepare adequately with respect to allegations involving foreign countries. Thus, this is not a typical case, and a typical argument against a Bill of Particulars (as to the outstanding requests), based on general case law cannot suffice.

    **B.**    *The Government Must Satisfy Mr. Hasanoff's Request for a Bill of Particulars With Regard to the Remaining Particulars*

Although the government's response to Mr. Hasanoff's motion for a Bill of Particulars provides the requested particulars with respect to the majority of the allegations, a number of particulars remain unsatisfied. In general terms, the government must still particularize: (1) "services," "physical assets," and "equipment" with respect to Counts One, Two, and Three; (2) the details of CC-1's alleged joining of *al-Qaeda*; (3) the "tasks" CC-1 was directed to perform and the "tasks" Mr. Hasanoff allegedly performed; (4) the circumstances of Mr. Hasanoff's alleged instruction to CC-1 not to fill his passport with stamps; (5) the particular consulate CC-

1 allegedly called, the contents of this call, and any memorialization of the call; (6) the precise manner in which each defendant intended to seek out "additional contacts within *al Qaeda*;" (7) the *al Qaeda* "associates" to whom material support was allegedly provided; (8) the forfeiture allegations; and (9) *any* differences between the (a) funds and currency; (b) goods and equipment; and (c) services and technological advice alleged in the Indictment.

Thus, the following particulars demanded in Mr. Hasanoff's requested Bill of Particulars remain unsatisfied[1]:

1. With respect to Count One, ¶2, the specific alleged types of "material support" provided, including:

    a.    "services;"

    \*    \*    \*

    c.    "physical assets."

    \*    \*    \*

3. With respect to Count One, ¶ 3(f):

    a.    the date and time Mr. Hasanoff and Mr. El-Hanafi had a conversation with CC-1 about joining Al-Qaeda;

    b.    the location where the conversation between Mr. Hasanoff and Mr. El-Hanafi occurred;

    c.    who (according to the conversation) would be joining al Qaeda; and

---

[1] The numbers and letters assigned to the following Particulars correspond to those in Mr. Hasanoff's request for a Bill of Particulars communicated to the government in writing by letter dated January 11, 2011 (*see* January 11, 2011, Letter From Joshua L. Dratel, Esq., to Assistant United States Attorney Brendan Robert McGuire, a copy of which is attached as Exhibit 1 to the January 18, 2011, Declaration of Joshua L. Dratel, Esq.)

   d. how that person or persons would be joining al Qaeda.

4. With respect to Count One, ¶ 3(h), what "tasks" Mr. El-Hanafi directed CC-1 to perform.

5. With respect to Count One, ¶ 3(i):

  a. the location where Mr. Hasanoff "instructed" CC-1 not to fill his passport with stamps;

  b. the date and time Mr. Hasanoff so "instructed" CC-1;  and

  c. the precise manner in which Mr. Hasanoff so "instructed" CC-1.

6. With respect to Count One, ¶ 3(j):

  a. the "tasks" Mr. Hasanoff "performed;"

  b the date and time he "performed" each of those "tasks;"

   * * *

7. With respect to Count One, ¶ 3(l):

   * * *

  c. the particular consulate CC-1 called and the location of the consulate;

   * * *

  f. the contents of CC-1's phone call to the consulate, including whether there were any recordings or memorialization of the call.

8. With respect to Count One, at ¶ 3(m) of the Indictment:

   * * *

  c. the precise manner in which each defendant intended to seek out "additional contacts within *al Qaeda*;"

      \*   \*   \*

9.  With respect to Count Two, alleging material support to "*al Qaeda* associates" in Yemen and elsewhere:

  a.  the *al Qaeda* "associates" to whom the material support was provided**;**

  b.  the nature of those individuals' "association" with al Qaeda;

      \*   \*   \*

13.  With respect to the forfeiture allegations at ¶¶ 9 & 10 of the Indictment, the U.S. "citizens and residents of the United States and their property" at which the offenses were directed.

14.  With respect to the forfeiture allegations at ¶ 11 of the Indictment:

  a.  Mr. Hasanoff's "foreign assets" derived from, involved in, and used and intended to be used to commit a Federal crime of terrorism;

  b.  Mr. Hasanoff's "domestic assets" derived from, involved in, and used and intended to be used to commit a Federal crime of terrorism;

  c.  Mr. Hasanoff's assets "derived from" a Federal crime of terrorism;

  d.  Mr. Hasanoff's assets "involved in" a Federal crime of terrorism;

  e.  Mr. Hasanoff's assets "used" in a Federal crime of terrorism;

  f.  Mr. Hasanoff's assets "intended to be used" in a Federal crime of Terrorism;  and

  g.  the U.S. "citizens and residents of the United States and their property" at which the offenses were directed.

15.  With respect to the forfeiture allegations at ¶ 12 of the Indictment, the value of

assets subject to forfeiture under ¶¶ 8 through 11.

16. With respect to the forfeiture allegations at ¶ 13 of the Indictment, please refer to ¶¶ 11-14 of Mr. Hasanoff's January 11, 2011, request for a Bill of Particulars.

17. With respect to the forfeiture allegations at ¶ 14 of the Indictment:

    a. Mr. Hasanoff's "real" property "that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts Three and Four;"

    b. Mr. Hasanoff's "personal" property "that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts Three and Four;" and

    c. the precise manner in which Mr. Hasanoff's "real" and/or "personal" property "constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts Three and Four."

18. With respect to the forfeiture allegations at ¶ 14 of the Indictment, please refer to ¶¶ 11-14 of Mr. Hasanoff's January 11, 2011, request for a Bill of Particulars.

19. With respect to the forfeiture allegations at ¶ 15 of the Indictment, Mr. Hasanoff's "substitute property."

Accordingly, it is respectfully submitted that the government should be required to provide Mr. Hasanoff with the remaining portions of his requested Bill of Particulars.

## Conclusion

For all the reasons set forth above, and in all papers filed previously, it is respectfully submitted that Mr. Hasanoff's motion for a Bill of Particulars be granted in its entirety.

Dated: 8 February 2011
      New York, New York

                                    Respectfully submitted,

                                    /S/ Joshua L. Dratel
                                  JOSHUA L. DRATEL
                                  JOSHUA L. DRATEL, P.C.
                                  2 Wall Street
                                  3rd floor
                                  New York, New York 10005
                                  (212) 732-0707

                                  DAVID A. RUHNKE
                                  RUHNKE & BARRETT
                                  47 Park Street
                                  Montclair, New Jersey 07042
                                  (973) 744-1000

                                  *Attorneys for Defendant Sabirhan Hasanoff*

– Of Counsel –

Joshua L. Dratel
David A. Ruhnke
Lindsay A. Lewis