```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA            :            S4 10 Cr. 162 (KMW)

        - against -                 :

SABIRHAN HASANOFF, et al.,          :

                        Defendant.  :
-------------------------------------------------------X
```

# REPLY MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANT SABIRHAN HASANOFF'S PRETRIAL MOTIONS

DAVID A. RUHNKE
RUHNKE & BARRETT
47 Park Street
Montclair, New Jersey 07042
(973) 744-1000

JOSHUA L. DRATEL
JOSHUA L. DRATEL, P.C.
2 Wall Street
3rd floor
New York, New York 10005
(212) 732-0707

*Attorneys for Defendant Sabirhan Hasanoff*

– Of Counsel –

Joshua L. Dratel
David A. Ruhnke
Linda Moreno
Ahmed Ghappour
Lindsay A. Lewis

TABLE OF CONTENTS

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

POINT I

COUNT TWO SHOULD BE DISMISSED BECAUSE IT
FAILS TO STATE AN OFFENSE UNDER 18 U.S.C. §2339B,
AND/OR IS UNCONSTITUTIONALLY VAGUE AS APPLIED . . . . . . . . . . . . . . . . . . . . . . . . 1

   A. *Count Two As Alleged Does Not State an Offense Under 18 U.S.C. §2339B* . . . . 2

   B. *If the Indictment Is Deemed Sufficient, §2339B Would Be
    Unconstitutional As Applied to Mr. Hasanoff In This Case* . . . . . . . . . . . . . . . . . 5

POINT III

THE GOVERNMENT SHOULD BE COMPELLED
TO ELECT FROM COUNTS ONE, TWO, THREE,
OR FOUR, OR THEY SHOULD BE DISMISSED,
BECAUSE THE COUNTS ARE MULTIPLICITOUS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

POINT IV

MR. HASANOFF RESPECTFULLY JOINS IN
THOSE MOTIONS BY HIS CO-DEFENDANT
THAT INURE TO MR. HASANOFF'S BENEFIT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**Introduction**

This Reply Memorandum of Law is submitted on behalf of defendant Sabirhan Hasanoff in support of his pretrial motions to dismiss Count Two of the Indictment because it fails to state an offense under 18 U.S.C. §2339B, and/or to compel the government to elect among Counts One, Two, Three, and Four, on the ground of multiplicity.  Much of the government's response in opposition does not require rejoinder;  indeed, with respect to POINT II of Mr. Hasanoff's motion – to strike from Count One the term "physical assets" because it is outside the statutory definition of "material support" – the government has conceded that the Indictment must be superseded or edited.  *See* Government's Memo of Law (hereinafter "Gov't Response"), at 2 n. 2 & 15 n. 8 (Document #71).  As  a result, this Reply will address the defects in the government's arguments with respect to POINT I and POINT III of Mr. Hasanoff's motion, as well as clarify Mr. Hasanoff's position regarding POINT IV.[1]

**POINT I**

**COUNT TWO SHOULD BE DISMISSED BECAUSE IT
FAILS TO STATE AN OFFENSE UNDER 18 U.S.C. §2339B,
AND/OR IS UNCONSTITUTIONALLY VAGUE AS APPLIED**

The government claims Mr. Hasanoff's position that Count Two of the Indictment must be dismissed for failure to state an offense under 18 U.S.C. §2339B,  "rest[s] on a mischaracterization of the Indictment, which properly alleges all elements of Section 2339B."[2]

---

[1] In order to avoid confusion, the Point headings in this Reply will be numbered the same as they were in Mr. Hasanoff's initial Memo of Law.  As a result, there will not be a POINT II in this Reply.

[2] It should be noted that Mr. Hasanoff's motion to dismiss on this basis is directed at Count Two only.

1

Gov't Response, at 11. That assertion notwithstanding, Count Two does not state a crime under §2339B because the particular language describing the alleged offense is simply *not* a violation of the statute. Thus, Count Two must be dismissed.

Also, as set forth in Mr. Hasanoff's initial Memo of Law, at 7-10, and **post**, at 5-6, if the Indictment is deemed valid as currently constituted, §2339B is unconstitutionally vague as applied because it fails to place Mr. Hasanoff on notice that the conduct alleged in Count Two violates §2339B.

**A.**     *Count Two As Alleged Does Not State an Offense Under 18 U.S.C. §2339B*

It is well settled, as the government acknowledges, that the "defendant is entitled to an indictment that states the essential elements of the charge against him." Gov't Response, at 11, *citing Jones v. United States*, 526 U.S. 227, 232(1997); *United States v. Pirro*, 212 F.3d 86, 91-92 (2d Cir. 2000).

In its Response, the government maintains that "the Indictment clearly alleges the required elements in this case," including, in Count Two, that "Hasanoff and [Wesam] El-Hanafi provided material support to [a Foreign Terrorist Organization (hereinafter 'FTO')]." Gov't Response, at 12. In support of that proposition, the government cites that portion of Count Two that tracks the generic language of 18 U.S.C. §2339B, which alleges that Mr. Hasanoff and Mr. El-Hanafi violated §2339B by "provid[ing] and attempt[ing] to provide 'material support and resources' . . . to a foreign terrorist organization, to wit, al Qaeda." *Id*.

However, Count Two does not merely track the generic language of the statute. It also, as required, "descends to the particulars" of the charged offense. As the Second Circuit instructed in *Pirro*, "where the definition of an offense . . . includes generic terms, it is not sufficient that

the indictment shall charge the offense in the same generic terms . . . but it must . . . descend to the particulars." 212 F.3d at 93.

"[D]escending to the particulars," Count Two charges that Mr. Hasanoff and Mr. El-Hanafi "did provide and attempt to provide 'material support or resources' . . . to a foreign terrorist organization, to wit al-Qaeda . . . *in that El-Hanafi and Hasanoff provided financial support, equipment and technological advice to al Qaeda associates in Yemen and elsewhere*." Indictment, at ¶ 4 (emphasis added).

As the Court in *Pirro*, quoting the Supreme Court, explained, it is that "statement of the facts and circumstances" that "accompan[ies]" the "general description of the offense" – not the pure statutory language itself – that "will inform the accused of the specific offense, coming under the general description, with which he is charged." 212 F.3d at 93, *quoting United States v. Hess*, 124 U.S. 483, 487 (1888).

Accordingly, the *specific* offense charged under Count Two is the provision of "financial support, equipment and technological advice to al Qaeda associates in Yemen and elsewhere," not the *generic* provision of "'material support . . . to a foreign terrorist organization, to wit, al Qaeda." *See* Indictment, at ¶ 4 (emphasis added).

Again, *Pirro* is instructive on this issue: "for an indictment to fulfill the function of . . . assuring that [the defendant] is tried on the matters considered by the grand jury, the indictment must state some fact specific enough to describe a particular criminal act, rather than a type of crime." 212 F.3d at 93.

As a result, Count Two's sufficiency is judged not by the generic statutory language, but rather by the particularized description that follows: the allegation that the material support

3

assumed the form of "financial support, equipment and technological advice to al Qaeda associates in Yemen and elsewhere[.]"[3]

In that context, the provision of support to al-Qaeda "associates," rather than to an FTO, does not constitute a violation of §2339B. As explained in Mr. Hasanoff's initial motions, at 5-6, an essential element of a violation of §2339B is that the material support at issue be provided to an FTO, not merely to individuals who are alleged to be "associates" of that FTO.

An analogous situation would be an indictment charging an assault on a federal official, under 18 U.S.C. §111, in which the particular count recited the statutory language but also identified a victim who indisputably was *not* a current or former federal official. Such a count would not adequately state an offense, regardless of its tracking the appropriate statutory language.

Indeed, if Count Two were to survive this motion, the government would be required to amend the Indictment during trial – by proffering some alternative means, not set forth in Count Two, of material support to *al Qaeda* as an organization, rather than merely to its "associates" – which would precipitate a mistrial.

In the landmark case addressing amendments to an Indictment, *Stirone v. United States*, 361 U.S. 212 (1960), the Supreme Court refused to permit the government to try the case on the theory that the defendant's extortionate activity related to concrete, when the indictment had identified sand as the material at issue. 361 U.S. at 272-73. As the Court in *Stirone* declared, "it

---

[3] This situation represents the converse of the rule of statutory construction *ejusdem generis*, which "suggests that where general words follow the enumeration of particular classes or persons or things, the general words shall be construed as applicable only to persons or things of the same general nature or kind as there enumerated." *Walling v. Peavy-Wilson Lumber Co.*, 49 F.Supp. 846, 859 (W.D. Louisiana, Shreveport Division 1943).

follows that when particular kind of commerce is charged to have been burdened a conviction must rest on that charge and not another." *Id*., at 274.[4]  The same principle applies here to Count Two with equal force with respect to whom the material support was allegedly provided.

Consequently, here, Count Two as presently constituted does not state an offense, and at trial the government cannot deviate from the type and destination of material support specifically alleged.  That would create an anomalous situation in which the government would be permitted to prove (and the jury would be permitted to find) only that Mr. Hasanoff provided material support to al-Qaeda associates, not that he provided material support to an FTO.  Accordingly, Count Two must be dismissed for failure to state an offense under §2339B.

**B..**     ***If the Indictment Is Deemed Sufficient, §2339B Would Be
            Unconstitutional As Applied to Mr. Hasanoff In This Case***

If, assuming *arguendo*, Count Two is deemed to state a violation of §2339B, the statute would be unconstitutionally vague as applied because it would not provide Mr. Hasanoff sufficient notice that the conduct alleged in Count Two – the provision of material support to al-Qaeda associates, and not to an FTO – woudl violate §2339B.

If the critical element of §2339B were so elastic and fluid to encompass material support

---

[4] The Court in *Stirone* added that

> [i]t has been the rule that after an indictment has been returned its charges may not be broadened through amendment except by the grand jury itself. . . . "Any other doctrine would place the rights of the citizen . . . at the mercy or control of the court or the prosecuting attorney". . . . The *Bain* case, which has never been disproved, stands for the rule that a court cannot permit a defendant to be tried on charges that are not made in the indictment against him.

361 U.S. at 215-217, *citing Ex Parte Bain*, 121 U.S. 1 (1887) (internal citations omitted).

to individuals only by nature of their affiliation, and not to an FTO (either directly to the entity, or indirectly through those individuals), it would be unconstitutionally vague and overbroad.  *See United States v. Paracha*, not reported in F.Supp.2d, 2006 WL 12768, at *13, 24-25 (S.D.N.Y. 2006) (instructing jury that "the government must prove that in providing material support or resources, [the defendant] did so knowing that the material support or resources could or would be utilized to further the activities of the al Qaeda entity and not just the personal interests of al Qaeda's individual members").

As the Circuit cautioned in *Pirro*, "[c]riminal prosecutions . . . must rest on a violation of a clear rule of law . . ." because "[i]f 'defendants . . . could not have ascertained the legal standards applicable to their conduct, criminal proceedings may not be used to define and punish an alleged failure to conform to those standards.'" 212 F.3d at 91, *quoting United States v. Harris*, 942 F.2d 1125, 1131 (7th Cir. 1991), [*quoting*] *United States v. Mallas*, 762 F.2d 361 (4th Cir.1985).  *See also id*. ("where the law is vague or highly debatable, a defendant – actually or imputedly – lacks the requisite intent to violate it.  Criminal prosecution for the violation of an unclear duty itself violates the clear constitutional duty of the government to warn citizens whether particular conduct is legal or illegal"), *citing United States v. Critzer*, 498 F.2d 1160, 1162 (4th Cir. 1974).

Here, those principles render §2339B unconstitutionally vague and overbroad should it be interpreted to include the allegations in Count Two.  According, for all the reasons set forth above, as well as those discussed in Mr. Hasanoff's initial Memo of Law, at 7-10, it is respectfully submitted that Count Two should be dismissed.

# POINT III

## THE GOVERNMENT SHOULD BE COMPELLED TO ELECT FROM COUNTS ONE, TWO, THREE, OR FOUR, OR THEY SHOULD BE DISMISSED, BECAUSE THE COUNTS ARE MULTIPLICITOUS

The government's opposition to Mr. Hasanoff's multiplicity motion hinges principally on whether it is appropriate for the Court to reach the motion's merits before trial. However, none of the cases cited by the government dispute the fact that "district courts have the discretion to compel prosecutors to elect under which one (1) of two (2) or more multiplicitous counts they will seek to prosecute a defendant and to dismiss all but the one elected count when inclusion of the multiplicitous counts will prejudice the defendant." *United States v. Rivera*, 09-CR-619 SJF, 2011 WL 1429125 (E.D.N.Y. Apr. 13, 2011), *citing United States v. Reed,* 639 F.2d 896, 905 n. 6 (2d Cir.1981). *See also United States v. Jahedi,* 681 F. Supp. 2d 430, 437 (S.D.N.Y. 2009) (finding claims of prejudice premature after concluding that indictment not multiplicitous with respect to the statutory elements of the charged offenses); *United States v. Platter,* 514 F.3d 782, 786 (8th Cir.2008); *United States v. Throneburg,* 921 F.2d 654, 657 (6th Cir.1990).

Also, while the government claims that trying multiplicitous counts – rather than compelling the government to elect among such counts – would not prejudice Mr. Hasanoff, many courts have recognized that multiplicitous counts do indeed prejudice a defendant. For example, a multiplicitous indictment "exaggerates the jury's impression of the nature and scope of defendant's criminal activity by charging – and requiring a separate finding of guilty – 'an offense multiple times, in separate counts, when, in law and fact, only one crime has been committed.'" *United States v. Polizzi*, 262 F.R.D. 160, 161 (E.D.N.Y. 2009) (hereinafter

7

"*Polizzi II*"), quoting *United States v. Chacko,* 169 F.3d 140, 145 (2d Cir.1999). *See also, e.g., United States v. Reed,* 639 F.2d 896, 904 (2d Cir.1981) ("[t]he vice in multiplicity of charges is that it may lead to multiple sentences for the same offense and *may improperly prejudice a jury by suggesting that a defendant has committed not one but several crimes*") (emphasis added); *United States v. Ketchum,* 320 F.2d 3, 8 (2d Cir.1963) (objectives of preventing multiplicitous counts are "primarily those of promoting the order and efficiency of the trial and avoiding the risk that the prolix pleading *may have some psychological effect upon* a jury" by overstating the level of the defendant's criminal activity) (internal quotation marks and citation omitted; emphasis added); *United States v. Carter,* 576 F.2d 1061, 1064 (3d Cir.1978) (multiplicitous indictment "may prejudice the jury against the defendant by *creating the impression of more criminal activity on his part than in fact may have been present*") (emphasis added); *United States v. Langford,* 946 F.2d 798, 802 (11th Cir.1991) (multiplicitous indictment "may improperly prejudice a jury by *suggesting that a defendant has committed several crimes – not one*") (emphasis added); *United States v. Duncan,* 850 F.2d 1104, 1108 n. 4 (6th Cir.1988) (multiplicitous counts "*may falsely suggest to a jury that a defendant has committed not one but several crimes* ") (emphasis added), *overruled on other grounds by Schad v. Arizona,* 501 U.S. 624 (1991).

In *Polizzi*, Judge Weinstein concluded that "[a]lthough the jury was properly instructed to give no weight to the indictment, a new trial on the dramatically reduced number of possession and receipt counts would seem warranted to protect the "fairness, integrity, and public reputation of judicial proceedings." *United States v. Polizzi*, 257 F.R.D. 33, 37-38 (E.D.N.Y. 2009)

8

(hereinafter "*Polizzi I*"), *citing United States v. Polouizzi*, 564 F.3d 142, 156 (2d Cir.2009).[5]

As Judge Weinstein elaborated in *Polizzi I*,

> [d]istrict courts presented with what are recognized before or during trial to be multiplicitous indictments will avoid any problem by requiring the prosecution to elect between counts charged rather than by merging the counts at sentencing. *See, e.g., United States v. Clarridge,* 811 F.Supp. 697, 702-07 (D.D.C.1992) (requiring government to elect between multiplicitous counts of false statements and perjury). The reason for keeping unnecessary counts from the jury is that, "[o]nce such a message [of repeated crimes] is conveyed to the jury, the risk increases that the jury will be diverted from a careful analysis of the conduct at issue," and "[c]ompromise verdicts *or assumptions that, with so many charges pending the defendant must be guilty on at least some of them, pose significant threats to the proper functioning of the jury system*." *Id.* at 702 (emphasis added).

257 F.R.D. 36-37 (emphasis added by the Court in *Polizzi*)..

Thus, as Judge Weinstein pointed out in *Polizzi I*, "'[e]ven when cautioned, juries are apt to regard with a more jaundiced eye a person charged with two crimes than a person charged with one.'" *Id*., at 38, *quoting United States v. Smith,* 112 F.2d 83, 85 (2d Cir.1940), *and also citing* U.S. Dep't of Justice, United States Attorneys' Manual, tit. 9, Criminal Resource Manual 215 (1997) ("[i]n order to promote the fair administration of justice, as well as the perception of justice, all United States Attorneys should charge ... as few separate counts as are reasonably necessary to prosecute fully and successfully"); *cf. People v. Jackson,* 87 N.Y.2d 782, 786, 642 N.Y.S.2d 602, 665 N.E.2d 172 (1996) ("[when] Trial Judges were powerless to reduce counts in

---

[5] *Polizzi* and *Polouizzi* are the same case involving the same defendant (with his name spelled differently in the District Court and Second Circuit opinions). The case has an extensive procedural and substantive history, recited in *United States v. Polouizzi*, 687 F. Supp.2d 133 (E.D.N.Y. 2010), *vacated by* 393 Fed.Appx. 784 (2d Cir. 2010). *See also United States v. Polouizzi*, 760 F. Supp.2d 284 (E.D.N.Y. 2011).

9

indictments based on evidentiary insufficiency . . . it was not uncommon for defendants to stand trial on and ultimately be convicted of crimes for which there had not been sufficient evidence before the Grand Jury").

The government also contends that "[w]ithout the benefit of the evidence adduced at trial, it is impossible to determine whether any of the counts are multiplicitous." Gov't Response, at 8. However, that is simply incorrect, as the multiplicity determination in this case does not in any fashion depend on discrete factual findings that would require factual development at trial. *Cf. United States v. Jahedi*, 681 F. Supp. 2d 430, 437 (S.D.N.Y. 2009) (concluding that claims of prejudice premature after concluding that indictment not multiplicitous with respect to the statutory elements of the charged offenses).

Indeed, if the government charges the same offense twice in an indictment, it cannot avoid a finding of multiplicity simply by parsing out its proof so that multiplictious counts are proved by different evidence. In fact, the government's indication that it plans to present different evidence for statutorily multiplicitous charges only underscores the threat of prejudice from multiple counts that charge the same offense.

In addition, the government also fails to present a single circumstance in this case in which it can prove the IEEPA counts without proving the 2339B counts, thus reinforcing the Indictment's multiplicity, and warranting a decision on the issue pretrial.

## POINT IV

### MR. HASANOFF RESPECTFULLY JOINS IN THOSE MOTIONS BY HIS CO-DEFENDANT THAT INURE TO MR. HASANOFF'S BENEFIT

In his initial Memo of Law, Mr. Hasanoff joined in his co-defendant's motions, particularly with respect to "certain emails [that] were recovered from Mr. Hasanoff's account that should be suppressed for the same reasons as Mr. El-Hanafi's emails." Mr. Hasanoff's Initial Memo of Law, at 29.

In the interests of efficiency, since Mr. Hasanoff's e-mails at issue were seized as a result of the same warrants address in Mr. El-Hanafi's motion papers, Mr. Hasanoff did not himself brief that issue, but instead relied on Mr. El-Hanafi's Memo of Law. However, in order to eliminate any possible uncertainty, Mr. Hasanoff moves to suppress his e-mails recovered from those same warrants that are challenged in Mr. El-Hanafi's papers, and adopts Mr. El-Hanafi's legal and other arguments in their entirety in regard to that issue.

### Conclusion

For all the reasons set forth above, as well as those set forth in Mr. Hasanoff's initial motion papers, it is respectfully submitted that Mr. Hasanoff's pre-trial motions be granted in their entirety.

Dated: 2 September 2011
      New York, New York

                        Respectfully submitted,

                         /S/ Joshua L. Dratel
                        JOSHUA L. DRATEL
                        JOSHUA L. DRATEL, P.C.
                        2 Wall Street

3rd floor
New York, New York 10005
(212) 732-0707

DAVID A. RUHNKE
RUHNKE & BARRETT
47 Park Street
Montclair, New Jersey 07042
(973) 744-1000

LINDA MORENO
LINDA MORENO, P.A.
P.O. Box 10985
Tampa, FL 33679
(813) 247-4500

AHMED GHAPPOUR
THE LAW OFFICES OF AHMED GHAPPOUR
P.O. Box 20367
Seattle, WA 98102
(415) 598-8605

*Attorneys for Defendant Sabirhan Hasanoff*

– Of Counsel –

Joshua L. Dratel
David A. Ruhnke
Linda Moreno
Ahmed Ghappour
Lindsay A. Lewis

12