```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA          :
        - v. -                    :      INDICTMENT
                                  :
WESAM EL-HANAFI,                         S5 10 Cr. 162 (KMW)
    a/k/a "Khaled," and           :
SABIRHAN HASANOFF,
    a/k/a "Tareq,"                :

            Defendants.           :
- - - - - - - - - - - - - - - - - -X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/13/11

COUNT ONE

CONSPIRACY TO PROVIDE MATERIAL
SUPPORT OR RESOURCES TO A FOREIGN TERRORIST ORGANIZATION

The Grand Jury charges:

1. From at least in or about November 2007 up to and including in or about March 2010, in the Southern District of New York and elsewhere, in an offense occurring in part in the United States and an offense in and affecting interstate and foreign commerce, WESAM EL-HANAFI, a/k/a "Khaled," and SABIRHAN HASANOFF, a/k/a "Tareq," the defendants, and others known and unknown, unlawfully and knowingly did combine, conspire, confederate and agree together and with each other to provide "material support or resources," as that term is defined in Title 18, United States Code, Section 2339A(b), to a foreign terrorist organization, to wit, al Qaeda, which has been designated by the United States Secretary of State as a foreign terrorist organization on October 8, 1999; October 5, 2001; October 2, 2003; and April 28, 2006;

and is currently designated as such, as of the date of filing of this Indictment.

2. It was a part and an object of the conspiracy that WESAM EL-HANAFI, a/k/a "Khaled," and SABIRHAN HASANOFF, a/k/a "Tareq," the defendants, would and did agree to provide al Qaeda with "material support or resources," as that term is defined in Title 18, United States Code, Section 2339A(b)(1), to include tangible and intangible property, services, currency, monetary instruments, expert advice and assistance in computer matters, and personnel, among other things, knowing that al Qaeda had engaged and was engaging in terrorist activity (as defined in section 212(a)(3)(B) of the Immigration and Nationality Act), and that al Qaeda had engaged and was engaging in terrorism (as defined in section 140(d)(2) of the Foreign Relations Authorization Act, Fiscal Years 1988 and 1989), in violation of Title 18, United States Code, Section 2339B.

Overt Acts

3. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. On or about November 28, 2007, SABIRHAN HASANOFF, a/k/a "Tareq," the defendant, a United States citizen,

received approximately $50,000 from a co-conspirator not named as a defendant herein ("CC-1").

      b. In or about February 2008, WESAM EL-HANAFI, a/k/a "Khaled," the defendant, a United States citizen, traveled to Yemen where he met with two members of al Qaeda who instructed him on operational security measures and directed him to perform tasks for al Qaeda.

      c. In or about February 2008, EL-HANAFI, while in Yemen, took an oath of allegiance to al Qaeda.

      d. From in or about March 2008 through in or about May 2008, EL-HANAFI purchased a subscription for a software program that enabled him to communicate securely with others over the internet.

      e. In or about May 2008, EL-HANAFI met with CC-1 in Brooklyn, New York, to discuss joining al Qaeda.

      f. In or about June 2008, HASANOFF and EL-HANAFI had a discussion with CC-1 about joining al Qaeda.

      g. In or about June 2008, EL-HANAFI accepted an oath of allegiance on behalf of al Qaeda from CC-1.

      h. In or about June 2008, EL-HANAFI directed CC-1 to perform tasks for al Qaeda.

      i. In or about June 2008, HASANOFF instructed CC-1 not to fill his United States passport with stamps so as to retain the passport's value to al Qaeda.

      j.   In or about August 2008, HASANOFF traveled to New York City and performed tasks for al Qaeda.

      k.   On or about April 15, 2009, EL-HANAFI purchased seven Casio digital watches over the internet and had them delivered to his residence in Brooklyn, New York.

      l.   In or about June 2009, CC-1 called a consulate in New York, New York, after communicating with EL-HANAFI and HASANOFF.

      m.   In or about July 2009, EL-HANAFI and HASANOFF participated in a conversation with CC-1, during which they discussed seeking out additional contacts within al Qaeda.

(Title 18, United States Code,
Section 2339B(a)(1), (d)(1)(A), (d)(1)(D), (d)(1)(E).)

## COUNT TWO

### PROVIDING AND ATTEMPTING TO PROVIDE MATERIAL SUPPORT OR RESOURCES TO A FOREIGN TERRORIST ORGANIZATION

The Grand Jury further charges:

4.   From at least in or about November 2007 up to and including in or about March 2010, in the Southern District of New York and elsewhere, in an offense occurring in part in the United States and an offense in and affecting interstate and foreign commerce, WESAM EL-HANAFI, a/k/a "Khaled," and SABIRHAN HASANOFF, a/k/a "Tareq," the defendants, and others known and unknown, unlawfully, willfully, and knowingly did provide and attempt to provide "material support or resources," as that term is defined

4

in Title 18, United States Code, Section 2339A(b)(1), to include tangible and intangible property, services, currency, monetary instruments, expert advice and assistance in computer matters, and personnel, among other things, to a foreign terrorist organization, to wit, al Qaeda, which has been designated by the United States Secretary of State as a foreign terrorist organization on October 8, 1999; October 5, 2001; October 2, 2003; and April 28, 2006; and is currently designated as such, as of the date of filing of this Indictment, in that EL-HANAFI and HASANOFF provided financial support, equipment, and technical advice to al Qaeda associates in Yemen and elsewhere, knowing that al Qaeda was designated a terrorist organization (as defined in Title 18, United States Code, Section 2339B(g)(6)), that al Qaeda had engaged and was engaging in terrorist activity (as defined in Section 212(a)(3)(B) of the Immigration and Nationality Act), and that al Qaeda had engaged and was engaging in terrorism (as defined in Section 140(d)(2) of the Foreign Relations Authorization Act, Fiscal Years 1988 and 1989).

(Title 18, United States Code, Sections Section 2339B(a)(1), (d)(1)(A), (d)(1)(D), (d)(1)(E), and 2.)

5

## COUNT THREE

### CONSPIRACY TO MAKE AND RECEIVE A CONTRIBUTION OF FUNDS, GOODS, OR SERVICES TO, AND FOR THE BENEFIT OF, AL QAEDA

The Grand Jury further charges:

5. From at least in or about November 2007 up to and including in or about March 2010, in the Southern District of New York and elsewhere, WESAM EL-HANAFI, a/k/a "Khaled," and SABIRHAN HASANOFF, a/k/a "Tareq," the defendants, United States persons, unlawfully, willfully, and knowingly violated a regulation issued under Chapter 35 of Title 50, United States Code, to wit, EL-HANAFI and HASANOFF, along with others known and unknown, did combine, conspire, confederate, and agree together and with each other to make and receive a contribution of funds, goods, and services to, and for the benefit of, al Qaeda, a specially designated terrorist organization, by agreeing with others to provide money, equipment, and technological advice to al Qaeda.

### Overt Acts

6. In furtherance of the conspiracy and to effect the illegal object thereof, WESAM EL-HANAFI, a/k/a "Khaled," and SABIRHAN HASANOFF, a/k/a "Tareq," the defendants, committed in the Southern District of New York and elsewhere, among other overt acts, the acts set forth in Paragraph 3 of this Indictment.

(Title 50, United States Code, Section 1705(a); Title 31, Code of Federal Regulations, Sections 595.204 & 595.205.)

COUNT FOUR

MAKING AND RECEIVING A CONTRIBUTION OF FUNDS, GOODS,
OR SERVICES TO, AND FOR THE BENEFIT OF, AL QAEDA

The Grand Jury further charges:

7.  From at least in or about November 2007 up to and including in or about March 2010, in the Southern District of New York and elsewhere, WESAM EL-HANAFI, a/k/a "Khaled," and SABIRHAN HASANOFF, a/k/a "Tareq," the defendants, United States persons, unlawfully, willfully, and knowingly violated a regulation issued under Chapter 35 of Title 50, United States Code, to wit, EL-HANAFI and HASANOFF, along with others known and unknown, attempted to and did provide money, equipment, and technological advice to al Qaeda.

(Title 50, United States Code, Section 1705(a); Title 31, Code of
Federal Regulations, Sections 595.204 & 595.205; and Title 18,
United States Code, Section 2.)

FORFEITURE ALLEGATIONS

8.  The allegations contained in Counts One and Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(G), and Title 28, United States Code, Section 2461(c).

9.  The violations of Title 18, United States Code, Section 2339B, alleged in Counts One and Two this Indictment, were Federal crimes of terrorism, as defined in Title 18, United

7

States Code, Section 2332b(g)(5), against the United States, citizens and residents of the United States, and their property.

10. WESAM EL-HANAFI, a/k/a "Khaled," and SABIRHAN HASANOFF, a/k/a "Tareq," the defendants, were individuals engaged in planning and perpetrating a Federal crime of terrorism, as defined in Title 18, United States Code, Section 2332b(g)(5), against the United States, citizens and residents of the United States, and their property.

11. Upon conviction of the offenses in violation of Title 18, United States Code, Section 2339B, alleged in Counts One and Two of this Indictment, WESAM EL-HANAFI, a/k/a "Khaled," and SABIRHAN HASANOFF, a/k/a "Tareq," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(G) and 2332b(g)(5), and Title 28, United States Code, Section 2461:

  a. all right, title, and interest in all assets, foreign and domestic;

  b. all right, title, and interest in all assets, foreign and domestic, affording a source of influence over al Qaeda;

  c. all right, title and interest in all assets, foreign and domestic, acquired and maintained with the intent and for the purpose of supporting, planning, conducting, and concealing a Federal crime of terrorism against the United States, citizens and residents of the United States, and their property; and

  d. all right, title and interest in all assets, foreign and domestic, derived from, involved

                    in, and used and intended to be used to commit a Federal crime of terrorism against the United States, citizens and residents of the United States, and their property;

including, but not limited to, a sum of money representing the value of the property described above as being subject to forfeiture.

      12. Upon conviction of the offenses in violation of Title 18, United States Code, Section 2339B, alleged in Counts One and Two of this Indictment, WESAM EL-HANAFI, a/k/a "Khaled," and SABIRHAN HASANOFF, a/k/a "Tareq," the defendants, shall pay to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(G), and Title 28, United States Code, Section 2461(c), a money judgment equal to the value of the assets subject to forfeiture under Paragraphs 8 through 11 above.

      13. The allegations contained in Counts Three and Four of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461.

      14. As the result of committing the terrorism offenses in violation of Title 50, United States Code, Section 1705, alleged in Counts Three and Four of this Indictment, WESAM EL-HANAFI, a/k/a "Khaled," and SABIRHAN HASANOFF, a/k/a "Tareq," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28,

United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts Three and Four.

    15. If any of the forfeitable property, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

    (Title 18, United States Code, Sections 981(a)(1)(C), 981(a)(1)(G), and 2332b(g)(5), and Title 28, United States Code, Section 2461(c).)

_____
FOREPERSON                                PREET BHARARA
                                                   United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

WESAM EL-HANAFI,
a/k/a "Khaled,"
SABIRHAN HASANOFF,
a/k/a "Tareq,"

Defendants.

INDICTMENT

S5 10 CR 162 (KMW)

(Title 18, United States Code, Sections 2 371, 2339B, Title 50, United States Code, Sections 1701 to 1706.)

PREET BHARARA
United States Attorney

A TRUE BILL

_____
Foreperson

9/13/11

Filed Indictment.

Gorenstein
U.S.M.J