```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

UNITED STATES OF AMERICA,

        -against-

SABIRHAN HASANOFF,                        NOTICE OF MOTION
                                          14 CV 7892 (KMW)
        Defendant/Petitioner.             10 CR 162  (KMW)

------------------------------------x
```

SIRS/MADAMES:

PLEASE TAKE NOTICE that upon the accompanying affidavit of the defendant/petitioner Hasanoff, sworn to the 16th day of October, 2014, and all the proceedings heretofore had herein, the defendant will move this Court before the Honorable District Judge Kimba M. Wood, at the United State Courthouse for the Southern District of New York, located at 500 Pearl Street, New York, New York, for an order:

1. Pursuant to 28 USC @@ 144 and 455(b)(1) for the Recusal of District Judge Wood; and

2. Granting such other relief as to the Court appears just and proper.

Dated:  New York, New York
        October 16, 2014.

                                    Yours, etc.

                                    _____
                                    B. ALAN SEIDLER, ESQ.
                                    Attorney for Defendant
                                    580 Broadway
                                    New York, New York 10012
                                    212-334-3131

TO: All Parties, filed by ECF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

UNITED STATES OF AMERICA

       -v-

SABIRHAN HASANOFF,
       Defendant/Petitioner.

------------------------------------------------------x

           AFFIDAVIT IN SUPPORT OF MOTION TO RECUSE

STATE OF NEW YORK   )
                        ss:
COUNTY OF KINGS    )

      Sabirhan Hasanoff, being duly sworn deposes and says:

      1. I am the petitioner in this action to set aside my sentence pursuant to 28 USC @ 2255, of 200 months incarceration on Count One [Harboring or Concealing Terrorists, 18 USC @@ 2339B(a)(1), (d)(1)(D), (d)(1)(E), and 2], a consecutive 16 months incarceration on Count Two [Conspiracy to Defraud the United States]; a 3 year Supervised Release term; and a $200 Special Assessment.

      2. My @2255 motion was filed on or about September 30, 2014. Presently, an Order dated October 14, 2014, has been entered by the Court directing the Government to file its Answer, etc, by December 9, 2014, and the Hasanoff Reply is due January 5, 2014.

      3. At sentencing on September 30, 2013, the Court stated to defense counsel [t8]:

"THE COURT: I am puzzled by one facet of this, which is if I were to conclude

that Mr. Hasanoff has essentially turned over a new leaf, it he still believes that his afterlife will be enhanced if he commits jihad, how can I believe that he can be individually deterred?"

The Court's belief that my afterlife will be enhanced by committing Jihad, or my belief that that will be the case, is supported by no facts in my case record. The Court's statement was made, I respectfully submit, because the Court has stereotyped me negatively, and it has nothing to do with my true beliefs, or why I acted as charged. That statement demonstrates that I cannot be treated fairly by District Judge Wood in future proceedings. At minimum, it demonstrates that this Court appears to have a bias against me by equating my case facts with the stereotypical reported beliefs of middle-Eastern religious fanatics. My religion does not stand for the fact that my after-life will be enhanced if I commit "jihad." Nothing in my case record supports that view. Because my Muslim religion teaches that there is an afterlife does not mean that I will do something illegal in the future to reach that afterlife.

    4. The District Court should also recuse itself because the Court cannot impartially decide the instant @2255 motion after being improperly exposed to myriad evidence prejudicially introduced by the Government in connection with my sentencing. For example:

    A. The District Court was presented with evidence concerning the New York Stock Exchange "bomb plot" that was obtained by the Government as the result of illegal warrantless eavsdropping, allegedly predicated upon the FISA Amendments Act of 2008. The Court then referenced the same Stock Exchange bomb plot as a reason why I should receive a sentence in excess of the 13 years recommended to the Court by the Probation Department [t20].

    B. My then attorney moved the Court on May 17, 2013, to preclude the Government's use at sentencing of certain "302" forms, predicated on their multi layered hearsay, and

concerning attacks against America. The District Court failed to rule on the motion, and the hearsay, and prejudicial "302 forms" were part of the Government's sentencing presentation before the District Judge.

C. My proffer statements concerning the Stock Exchange "plot" were illegally presented to the District Court at my sentencing. The Government illegally presented evidence at my sentencing to the District Judge, in violation of my proffer agreement, that I:

"... helped obtain equipment, including a remote control device that could be used

in modified form for an explosive." [t14]

To my prejudice, the District Judge used my purchase of those remote devices as a reason for the 216 months sentence the Court imposed [t20].

5. The Government has purposefully muddied the waters, and a new District Judge is needed to ascertain the facts presented in my @2255 motion.

6. No prior application has been made to any Court for this Recusal relief.

WHEREFORE, petitioner requests the Recusal of the District Judge, and such other relief as is just and proper.

Dated: October 16, 2014.

Deponent,

*[signature]*

Sabirhan Hasanoff

Sworn to and subscribed before me this 16th

day of October, 2014.


B. Alan Seidler

Attorney for Petitioner.