UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

        -v-                                    14cv7892(KMW)
                                          10 cr 162(KMW)

SABIRHAN HASANOFF,
        Defendant/Petitioner.

-------------------------------------------------------x

## MEMORANDUM IN SUPPORT OF MOTION TO RECUSE

Sabirhan Hasanoff, in support of Recusal alleges the following:

At sentencing on September 30, 2013, the Court stated to defense counsel [t8]:

"THE COURT: I am puzzled by one facet of this, which is if I were to conclude that Mr. Hasanoff has essentially turned over a new leaf, it he still believes that his afterlife will be enhanced if he commits jihad, how can I believe that he can be individually deterred?"

The Court's belief that Hasanoff's afterlife will be enhanced by committing Jihad, or his belief that that will be the case, is supported by no facts in the case record. The Court's statement was made, Hasanoff respectfully submit, because the Court has stereotyped him negatively, and it has nothing to do with Hasanoff's true beliefs, or why he acted as charged. That statement demonstrates that Hasanoff cannot be treated fairly by District Judge Wood in future proceedings. At minimum, it demonstrates that this Court appears to have a bias against Hasanoff by equating his case facts with the stereotypical reported beliefs of middle-Eastern religious fanatics. His religion does not stand for the fact that his after-life will be enhanced if he commits "jihad." Nothing in his case record supports that view. Because Hasanoff's Muslim

religion teaches that there is an afterlife does not mean that Hasanoff will do something illegal in the future to reach that afterlife.

Hasanoff submits the Court should recuse itself pursuant to 28 USC @@ 144 and 455(b)(1). Hasanoff states the District Judge's statement demonstrates "a personal bias or prejudice" against Hasanoff who is a Muslim. Hasanoff believes the Judge's statement to be so extreme as to display a clear inability to render fair judgment. See, *Liteky v. United States*, 510 U.S. 540 (1994).

Alternately, "any justice, judge or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 USC @ 455(a). It is not limited to cases of actual bias. See, *United States v. Bayless*, 201 F.3d 116, 126 (2d Cir. 2000). The proper inquiry is whether "a reasonable person, knowing all the facts, [would] conclude that the trial judge's impartiality could reasonably be questioned," *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992), regardless of whether the judge is actually partial or biased. See, *Bayless*, 201 F.3d at 126; see also, *United States v. Amico*, 486 F.3d 764, 776 (2d Cir. 2007).

The District Court should also recuse itself because the Court cannot impartially decide the instant @2255 motion after being improperly exposed to myriad evidence prejudicially introduced by the Government in connection with sentencing.

A. The District Court was presented with evidence concerning the New York Stock Exchange "bomb plot" that was obtained by the Government as the result of illegal warrantless eavsdropping, allegedly predicated upon the FISA Amendments Act of 2008. The Court then referenced the same Stock Exchange bomb plot as a reason why Hasanoff should receive a sentence in excess of the 13 years recommended to the Court by the Probation Department [t20].

B. Hasanoff's attorney moved the Court on May 17, 2013, to preclude the Government's use at sentencing of certain "302" forms, predicated on their multi layered hearsay, and concerning attacks against America. The District Court failed to rule on the motion, and the hearsay, and prejudicial "302 forms" were part of the Government's sentencing presentation before the District Judge.

C. Hasanoff's proffer statements concerning the Stock Exchange "plot" were illegally presented to the District Court at my sentencing. The Government illegally presented evidence at sentencing to the District Judge, in violation of Hasanoff's proffer agreement, that he:

> "... helped obtain equipment, including a remote control device that could be used
> in modified form for an explosive." [t14]

To Hasanoff's prejudice, the District Judge used the purchase of those remote devices as a reason for the 216 months sentence the Court imposed [t20].

The Government has purposefully muddied the waters, and a new District Judge is needed to ascertain the facts presented in Hasanoff's @2255 motion.

WHEREFORE, petitioner requests the Recusal of the District Judge, and such other relief as is just and proper.

Dated: October 16, 2014.

Respectfully submittes,

*/s/ B. Alan Seidler*

B. Alan Seidler

Attorney for Hasanoff
580 Broadway, room 709
New York, NY 10012
212-334-3131
Snedens66@aol.com