UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



SABIRHAN HASANOFF,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

Case No. #S6 10-CR-162-02(KMW)

14-CV-7892

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-15-16

MOTION FOR LEAVE TO AMEND 2255
PURSUANT TO RULE 15 OF THE FEDERAL RULES OF CIVIL PROCEDURE

    NOW COMES MOVANT, Sabirhan Hasanoff, pro se, respectfully moving this Honorable Court for leave to amend his 2255, and in support hereof avers as follows:

    Rule 15 of the Federal Rules of Civil Procedure provides as follows in relevant part:

> OTHER AMENDMENTS: In all other cases, a party may amend its pleading only with the Court's leave. The Court should freely grant leave when justice so requires.

Movant wishes to add another issue to his 2255, which, in short, is summarized as follows:

    In United States v. Dorvee, 604 F.3d 84 (2nd Cir. 2010), the Appellate court agreed with defendant's argument that his sentence was procedurally unreasonable because the district court erred in its calculations: The Guidelines sentence in Dorvee's case was 262 to 327 months -- above the statutory maximum of 240 months -- yet Appellate Court concluded the district court erred when it

1

continued to treat the guidelines as though it were the benchmark for any variance. The Appellate court agreed that the guidelines that should have been applied was the statutory maximum of 240 months and vacated and remanded the case for resentencing though the final sentence imposed of 233 months was below the statutory maximum.

On September 30, 2013, sentencing hearing judge Wood, after calculating the advisory sentencing guidelines of 360 months to life, recognized that the advisory guidelines were far in excess of the statutory maximum of 240 months. Whilst recognizing this fact, Judge Wood further stated that "...what we are really looking at is the statutory maximum <u>with the advisory sentencing guidelines in mind</u> [i.e., 360 to life]" (emphasis added). See page 19 of sentencing transcripts.

Similarly to Dorvee, supra, Petitioner was sentenced to an 18-year term of imprisonment, a sentence below the statutory maximum, due to the Court's keeping in mind the advisory guidelines of 360 to Life as a benchmark for variance despite a Probation recommendation of 13 years. Petitioner's counsel Dratel was ineffective for not objecting to this incorrect application of the advisory guidelines of 360 to life in determining the final sentence.

WHEREFORE, Movant prays this Court for leave to amend his 2255 so that he can include the above-mentioned ineffective assistance of counsel claim in it.

Respectfully submitted,

Sabirhan Hasanoff, Pro Se

2