UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SABIRHAN HASANOFF,

                Petitioner,

      -against-

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------------------X

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/31/16

14-CV-7892 (KMW)
10-CR-162 (KMW)

ORDER

KIMBA M. WOOD, United States District Judge:

    On June 4, 2012, Petitioner Sabirhan Hasanoff pled guilty to attempting and conspiring to provide material support to a designated foreign terrorist organization, pursuant to a plea agreement. On September 30, 2013, this Court sentenced Petitioner to eighteen years in custody, to be followed by a three-year term of supervised release. On September 30, 2014, Petitioner filed a motion to vacate his sentence, pursuant to 28 U.S.C. § 2255, and has moved for the undersigned to recuse herself from the habeas proceeding claiming that the Court exhibited personal bias or prejudice against him, and that the Court's impartiality could reasonably be questioned. Petitioner alleges that the Court is biased based on (1) comments made regarding Mr. Hasanoff's religious beliefs during his sentencing, and (2) the Court's exposure to allegedly prejudicial evidence presented by the Government during his sentencing. For the foregoing reasons, Mr. Hasanoff's motion is DENIED.

    A federal judge has a duty in every case to determine whether recusal is warranted. *See* 28 U.S.C. § 455; *In re Initial Pub. Offering Sec Litig.*, 174 F. Supp. 2d 70, 74-75 (S.D.N.Y. 2001) (Scheindlin, J.). Under 28 U.S.C. § 144, a Judge must recuse herself when a party files a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal

bias or prejudice" against him or her; similarly, under 28 U.S.C. § 455(b)(1), a judge must be disqualified if she "has a personal bias or prejudice concerning a party." In addition, under 28 U.S.C. § 455(a), a Judge must recuse herself from "any proceeding in which [her] impartiality might reasonably be questioned," regardless of whether the judge is, in fact, biased. "Recusal is required when an 'objective, disinterested observer fully informed of the underlying facts would entertain significant doubt that justice would be done absent recusal,' or, in other words, when 'a reasonable person, knowing all the facts, would question the judge's impartiality.'" *Smith v. City of New York*, No. 14-CV-2690, 2015 WL 1539049, at *1 (S.D.N.Y. Apr. 7, 2015) (Buchwald, J.) (quoting *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003)).

In general, a judge's bias "must be extra-judicial in origin to require recusal." *Gottlieb v. S.E.C.*, No. 05-CV-2401, 2007 WL 646382, at *3 (S.D.N.Y. Feb. 27, 2007) (Preska, J.) *aff'd*, 310 F. App'x 424 (2d Cir. 2009). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Here, recusal is unwarranted. The allegations are all based on conduct occurring during the proceedings, which does not constitute a proper basis for recusal unless it rises to the level of "deep-seated favoritism or antagonism," which is not the case here. *See Liteky*, 510 U.S. at 555. Similarly, the Court's familiarity with evidence that was introduced at sentencing, even if that evidence gave rise to an opinion that was unfavorable to Petitioner, does not constitute a proper basis for recusal, because the information was presented during an earlier judicial proceeding. *See id.*; *Omega Eng'g, Inc. v. Omega, S.A.*, 432 F.3d 437, 447-48 (2d Cir. 2005) ("Knowledge

gained from the judge's discharge of his [or her] judicial function is not a ground for disqualification."); *Ozsusamlar v. United States*, Nos. 02-CR-763, 10-CV-6655, 2013 WL 4623648, at *6 (S.D.N.Y. Aug. 29, 2013) (Wood, J.) ("[T]he fact that this Court presided over [the habeas petitioner's] criminal case does not support the request for recusal.").

In addition, on the facts alleged, the judicial conduct at issue does not show bias or prejudice against the Petitioner, much less a deep-seated antagonism, and no objective observer would believe that the Court's impartiality might reasonably be questioned. Although the Court initially asked a question containing the assumption that if Petitioner believes that his afterlife will be enhanced if he commits jihad, he might not be individually deterred from reoffending, after hearing both Petitioner and his attorney, the Court adopted the MCC's chaplain's characterization of Mr. Hasanoff as "an outstanding role model for other Muslim inmates, assisting faithfully others in the Muslim community," for three and a half years, as a sign that he had "turned over a new leaf," and the Court did not mention any need for individual deterrence. *See* (*United States v. El-Hanafi et al*, 10-CR-162, Sentencing Tr. 8-11, 20-21 (Sept. 30, 2013)). Indeed, the Court gave the Petitioner a sentence 24 months lower than the 20-year sentence acknowledged as appropriate in his plea agreement, based on his apparent rehabilitation while at the MCC. *Id.* at 21. Considering the full context of the sentencing hearing and earlier judicial proceedings in this case, no reasonable observer would conclude that the comments made during Petitioner's sentencing evidence a personal prejudice or bias against Muslims in general or against Mr. Hasanoff in particular.[1]

---

[1] Petitioner's motion pursuant to Section 144 must be denied for the additional reason that it is procedurally defective. A motion pursuant to 28 U.S.C. § 144 must be accompanied by a certification from counsel of *his or her own* belief that the motion is brought in good faith; it is not enough for counsel merely to certify that the affidavit of his client is made in good faith. *See United States v Nelson*, No. CR-94-823, 2010 WL 2629742, at *6 (E.D.N.Y. June 28, 2010) (citing *In re Union Leader*, 292 F.2d 381, 385 (1st Cir ); *United States v Johnpoll*, 748 F. Supp. 86, 89 (S.D.N.Y. 1990) (Carter, J.)). Because Petitioner's motion is not accompanied by such a certification, it must be denied.

3

"A judge is as much obliged not to recuse [herself] when it is not called for as [she] is obliged to when it is." *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988). Because Mr. Hasanoff's submission does not provide any proper basis for recusal, Petitioner's motion is DENIED.

This order resolves docket entry 185 (in 10-CR-162) and docket entry 4 (in 14-CV-7892).

SO ORDERED.

Dated: New York, New York
August 30, 2016

*Kimba M. Wood*
Kimba M. Wood
United States District Judge