UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

        -v-                                       REPLY
                                                 14 cv 7892 (KMW)
SABIRHAN HASANOFF,                 10 cr 162 (KMW)
       Defendant/Petitioner.

-------------------------------------------------------x

REPLY IN SUPPORT OF MOTION PURSUANT TO 28 USC @2255

      B. Alan Seidler, attorney for Petitioner states the following in REPLY to the Government's Opposition. This Reply is based on my conversations with Petitioner, and a review of the Government's Opposition.

      1. Petitioner's has moved this Court to set aside his sentence pursuant to 28 USC @ 2255, of 200 months incarceration on Count One [Harboring or Concealing Terrorists, 18 USC @@ 2339B(a)(1), (d)(1)(D), (d)(1)(E), and 2], a consecutive 16 months incarceration on Count Two [Conspiracy to Defraud the United States]; a 3 year Supervised Release term; and a $200 Special Assessment.

      2. The Government argues Petitioner lacks standing to challenge the "702" authority because Petitioner is not a person "aggrieved." The Government does not deny or even respond to Petitioner's claim that he is one of the "others" referenced in Joyce's testimony. Nor does the Government deny that through FISA the Government obtained emails in 2008 which led the Yemeni Government to apprehend the 2 detainees in 2009.

      3. The Government does not respond to Petitioner's claim that attorney Dratel

misrepresented to Peitioner the criminal penalties for the offenses as evidenced by the Dratel memo. This was in the context of plea negotiations and Petitioner's decision to plead guilty.

4. The Government does not address the fact that it represented at the subject 2011 hearing the Government had no information to suggest "these individuals were not members of al Qaeda" when in fact the existing FBI 302 states the Doctor indicated "the subject advised that he was not a member of Al-Qa'ida." That 302 information also constituted Brady material which was not provided to Petitioner until after he plead guilty in early 2013. In pleading guilty Petitioner was forced by the Government and his attorney to admit affiliation with Al Qaeda as part of his plea despite the existence of the contrary evidence. The defense attorney pressured petitioner by threatening to withdraw from Petitioner's case if Petitioner did not admit Al Qaeda affiliation, even though the 302's memorialized the detainees disclaimed Al Qaeda membership.

5. The Government does not deny the detainees did not receive Miranda warnings, and may have been tortured in custody. While Defense counsel did challenge the reports based on 5th and 6th Amendment violations, counsel was ineffective for not requesting the Court rule on the taint by torture issues at sentencing when the Court relied upon said reports in sentencing Petitioner.

6. Petitioner's proffer minutes and the Government's now admission that it was "not making light of the proffer" at page 20 of its Memorandum, evidence Petitioner's good faith in providing a truthful account of his criminal conduct. In the context of a narcotics case, such a proffer would be part of the beneficial "safety valve" process as per USSG @@2D1.1 and 5C1.2. Here, Defense counsel promised Petitioner he would raise the proffer as a mitigating issue at sentencing, but failed to do so.

7. Petitioner at all times states he had no contact with either of the 2 detainees, and his

travel to New York was not at the request of the Doctor. The travel was personal. Petitioner did not e-mail surveillance information. Defense counsel was ineffective for not requesting a <u>Fatico</u> hearing prior to sentencing on this disputed fact set.

    8. The Government does not deny defense counsel failed to argue at sentencing the sentence disparity between Petitioner's 18 year sentence, and the release of the 2 detainees shortly after their 2009 proffer sessions. Petitioner also received a sentence 3 years greater than El Hanafi whose role in the offense was greater than Petitioner's role.

    9. Defense counsel did not argue at sentencing against a Forfeiture judgment because Petitioner did not receive any benefit from the money. Defense counsel did not argue that because the detainees were not members of a foreign terrorist organization [a statutory requirement] there could be no forfeiture order. To the extent defense counsel stated to the Court at sentencing that no money was seized by the U.S. government, that statement while technically correct was not based on an accurate command of the facts by defense counsel, and Petitioner submits was symptomatic of the representation received. In any event the money was seized by a Government and should be a credit in favor of Petitioner.

    WHEREFORE, petitioner requests the Petition be granted, a hearing be held to resolve factual disputes, and such other relief as is just and proper.

Dated: September 19, 2016.

                              Submitted by,

                              B. Alan Seidler

Attorney for Petitioner
580 Broadway, room 709
New York, NY 10012
212-334-3131