

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No. 1:10-CR-00162(KMW) |
| ) | |
| SABIRHAN HASANOFF, ) | |
| DEFENDANT ) | |

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/5/22

### DEFENDANT'S PRO-SE MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

Defendant, Sabirhan Hasanoff, pro se, hereby moves the Court to terminate his term of supervised release pursuant to 18 U.S.C. § 3583(e)(1). The 3-year term of supervised release began on October 27, 2020. Mr. Hasanoff has already completed just over half of his supervisory term.

Mr. Hasanoff is being supervised in the Eastern District of New York where he lives and works. Prior to filing this petition, Defendant Hasanoff provided it to the supervising probation officer, Victoria Main.

I. INTRODUCTION

On June 4, 2012, Defendant Hasanoff, pled guilty to a two-count superseding information charging him with material support to a terrorist group, for which he received an 18 year sentence. On October 27, 2020, the Court granted Defendant Hasanoff's motion to modify his sentence pursuant to 18 U.S.C. Section 3582(c). (D.E. 265). Defendant Hasanoff has been under supervised release since October 27, 2020 under the supervision of PO Craig Schneider and since May 11, 2022 under the supervision of PO Victoria Main. Both Mr. Hasanoff's prison time and supervised release time has been served without violations or incident. Mr. Hasanoff

has steady employment, residence, and family life. He is the father of four children, all of whom live with him at various stages of their schooling. HIs oldest son will be entering Farmingdale State College this fall, the younger two daughters are in high school and middle school, respectively, and Mr. Hasanoff has welcomed a newborn baby daughter on April 19, 2022 who is at home with Mr. Hasanoff's wife and mother-in-law who live together with Mr Hasanoff and his four children. The attached letter of support from Mr. Hasanoff's wife testify to Mr. Hasanoff's stability and character. (Refer Ex I).

II. APPLICABLE LAW

Title 18, section 3583(e)(1) of the United States Code authorizes the Court to terminate a defendant's term of supervised release at any time after the expiration of one year of supervision if the Court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Section 3583(e) directs the Court to consider the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7) in deciding whether to terminate a term of supervised release. The Judicial Conference has identified the following criteria to assess eligibility for early termination:

Officers should consider the suitability of early termination for offenders as soon as they are statutorily eligible. The general criteria for assessing whether a statutorily eligible offender should be recommended to the court as an appropriate candidate for early termination are as follows:

1. stable community reintegration (e.g., residence, family, employment);

2. progressive strides toward supervision objectives and in compliance with all conditions of supervision;

3. no aggravated role in the offense of conviction, particularly large drug or fraud offenses;

4. no history of violence (e.g., sexually assaultive, predatory behavior, or domestic violence);

5. no recent arrests or convictions (including unresolved pending charges), or ongoing, uninterrupted patterns of criminal conduct;

6. no recent evidence of alcohol or drug abuse;

7. no recent psychiatric episodes;

8. no identifiable risk to the safety of any identifiable victim; and

9. no identifiable risk to public safety based on the Risk Prediction Index (RPI). Guide to Judiciary Policy, Vol. 8E, Ch. 3 § 380.10(b), "Early Termination" (Monograph 109)(rev'd 2010)(emphasis added).

Pursuant to the policy, "there is a presumption in favor of recommending early termination" for supervisees after the first 18 months if they are not "career violent and/or drug offenders, sex offenders, …" if they "present no identified risk to the public or victims," and if they are "free from any moderate or high severity violations." Id., § 380.10(g).

Further, on February 16, 2012, the Honorable Robert Holmes Bell, Chair of the Committee on Criminal Law of the Judicial Conference, issued a memorandum to all United States District Court Judges encouraging them to grant early termination of supervised release in appropriate cases as an effort to reduce expenditures in the probation and pretrial services programs. Terminating "appropriate cases before they reach their full term saves resources and allows officers to focus on offenders who continue to pose the greatest risk of recidivism." Judge Bell's memorandum notes that supervision costs approximately $3,938 per year per case. Analysis by the Administrative Office of the Courts indicates that offenders who received early termination were "arrested less often, for less serious charges, and were sentenced to terms of imprisonment less often." Accordingly, "[f]rom a policy standpoint, it appears that the above criteria, when properly applied, does not jeopardize public safety." Id.

### III. DEFENDANT HASANOFF SATISFIES ALL THE CRITERIA FOR EARLY TERMINATION

Mr. Hasanoff satisfies all the factors set forth for early termination. He has completed all of his term of supervision without incident and has no current need for programming or treatment. He has made progressive strides towards payment of his restitution obligation (Refer Exhibit II,) and will continue to do so even after supervision is completed.

Defendant Hasanoff has fully complied with special conditions imposed by Probation and this Court to undergo therapy sessions after adjustment issues involving Defendant's then minor son and has fully complied with all of them. Notably, Defendant's psychotherapist, a NY State licensed Clinical Social Worker Irwin Davies, has indicated "Based on the time I have spent with Mr. Hasanoff and my findings, I do not feel continued treatment to address anger management issues is needed or warranted at this time." (Refer Ex. III attached). Furthermore, an investigation by the NY State Office of Children and Family Services concluded similarly no 'child abuse or maltreatment…" (refer Ex. IV). Finally, Craig Schneider, who was Defendant Hasanoff's PO at the time, met with Defendant's son, wife and other two younger children and closed any further requirements involving Defendant Hasanoff's relationship with his son who is currently 18 years of age and no longer a minor.

Mr. Hasanoff has been offered a job position as a real estate manager in New Jersey which is currently outside of his permitted supervision travel area. Releasing Mr. Hasanoff's supervised release would enable him to better support his family financially by allowing him to travel freely through the NY/NJ tri-state area. Mr. Hasanoff has been incarcerated and/ or on supervision for over 12 years and has a great appreciation for his current freedom to take care of his mother, family and four beloved children. Mr. Hasanoff would like to move on with his life and look forward to supporting his children in their education and development into law-abiding, adult citizens without the continued restrictions placed upon him by supervision.

Finally, Mr Hasanoff's supervision has had an emotional and mental toll on his wife and children as described by Mr Hasanoff's letter of support by his wife, Wahida Hasanoff (refer Ex. I). Living with unannounced visitations by probation, having probation enter the personal residence for spot checks of Mr. Hasanoff's living quarters is a stressful set of circumstances imposed upon Mr. Hasanoff's family despite their having nothing to do with Mr. Hasanoff's criminal conduct which has led to these circumstances. As Mrs. Hasanoff has described in her letter, she states: "I feel like I have no control over what happens inside my home and my kids see that this stresses me and as a result of them seeing me stressed out they get anxiety." Releasing Mr. Hasanoff from probation would alleviate these unnecessary stresses from Mr. Hasanoff's family and help in moving forward with their lives.

The Court is often called upon to impose serious consequences for defendants who violate supervised release. Mr. Hasanoff has completed every condition asked of him and has gone far beyond the requirements of his supervision. He has fully reintegrated into society and has achieved stable community reintegration in terms of housing, family, and employment. He is in full compliance with all terms of supervision. He has had no aggravated role in the offense, no violence or weapons in this offense, and is not using, nor has he ever used, controlled substances. He has no psychiatric issues. He enjoys the support of his community and large extended family. He is an ideal candidate for early termination of supervised release based on every factor the Court must consider. Mr. Hasanoff is no longer the same man who committed the crimes that led to his incarceration (refer Exhibit V). His personal development into a mature, cautious and private citizen should provide this Court assurance that continued supervision would be a waste of resources and unnecessary for someone such as Defendant Hasanoff.

IV. CONCLUSION

Given Mr. Hasanoff's commendable reentry into the community and performance on supervised release, he respectfully requests that the Court order that his term of supervision be terminated under 18 U.S.C. § 3583(e).

Respectfully submitted,

*[signature]*
SABIRHAN HASANOFF, PRO-SE
19 BOXWOOD LANE
FARMINGDALE, NY 11735

With the concurrence of Mr. Hasanoff's Probation Officer, the Court grants defendant's request for early termination of his supervision.

SO ORDERED, N.Y., N.Y.  7/1/22

*[signature]*
KIMBA M. WOOD
U.S.D.J.

Dated: 6/9, 2022