UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/3/22
```

UNITED STATES OF AMERICA,  )
)
)
v.                         )    Case No. 1:10-CR-00162 (KMW)
)
)
SABIRHAN HASANOFF,         )
DEFENDANT                  )

**MEMO ENDORSED**

### DEFENDANT'S PRO-SE MOTION TO MODIFY RESTITUTION PAYMENT

Defendant, Sabirhan Hasanoff, pro se, hereby moves the Court to terminate his restitution of $70,000 jointly and severally (Refer Ex. I sentencing transcripts) pursuant to 18 U.S.C. § 3664(k). See United States v. Vanhorn, 296 F.3d 713, 721 or, in the alternative, to modify his restitution payment to nominal amount below $10,000 representing a more affordable sum for Defendant Hasanoff.

I. INTRODUCTION

On June 4, 2012, Defendant Hasanoff, pled guilty to a two-count superseding information charging him with material support to a terrorist group, for which he received an 18-year sentence. On October 27, 2020, the Court granted Defendant Hasanoff's motion to modify his sentence pursuant to 18 U.S.C. Section 3582(c). (D.E. 265). On July 1, 2022, the Court granted Defendant Hasanoff's motion for early termination of supervised release pursuant to 18 U.S.C. § 3583(e)(1). (D.E. 275).

Mr. Hasanoff's prison time and supervised release time has been served without violations or incident. Mr. Hasanoff has steady employment, residence, and family life. He is the father of four children, all of whom live with him at various stages of their schooling. His oldest son will be entering Farmingdale State College this fall, the younger two daughters are in high school and middle school, respectively, and Mr. Hasanoff has welcomed a newborn baby

daughter on April 19, 2022 who is at home with Mr. Hasanoff's wife and mother-in-law who live together with Mr. Hasanoff and his four children.

II. APPLICABLE LAW

In United States v. Vanhorn, 296 F.3d 713, 721 (8th Cir. 2002). The statute provides: "A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require." 18 U.S.C. § 3664(k).

Under the statute, a material change in the financial condition of a defendant subject to a restitution order may be brought to the Court's attention by three sources: the defendant, the United States, or the victim. 18 U.S.C. § 3664(k). Modification of the order may occur on motion of any party, a victim, or the court on its own motion. Id.; see United States v. Grant, 235 F.3d 95, 100 (2d Cir. 2000); see also United States v. Dye, 48 F. App'x 218, 219-20 (8th Cir. 2002) (unpublished per curiam). "After receipt of notification, the court may adjust the restitution payment schedule..." Dye, 48 F. App'x at 220 (citing 18 U.S.C. § 3664(k)). "A material change in a defendant's economic circumstances is identified by an objective comparison of a defendant's financial condition before and after a sentence is imposed." Dye, 48 F. App'x at 220 (citing Grant, 235 F.3d at 100).

### III. DEFENDANT HASANOFF MEETS THE REQUIREMENTS FOR MODIFICATION OF RESTITUTION DUE TO HIS CURRENT ECONOMIC CIRCUMSTANCES

Mr. Hasanoff satisfies the factors set forth for modification of restitution. When Defendant Hasanoff was arrested he had two toddler aged children and a pregnant wife. Currently, Mr. Hasanoff has four children including one entering college this September (Exhibit II) and a newborn child born on April 19, 2022 (Exhibit III). Defendant Hasanoff's current net income of $409.71 (refer Exhibit IV) is nowhere near enough to sustain a family of four children which include a college aged eldest son and infant newborn.

Mr. Hasanoff's personal statement (Refer Exhibit V) indicates that his focus is on moving forward with his life and rebuilding his financial earning potential to better support his growing family. Mr. Hasanoff has enrolled in required classes to become a professional real estate manager in addition to helping raise his four children, taking care of his elderly mother and making up for lost time as a formerly incarcerated inmate serving over a decade in prison. He has fully reintegrated into society and has achieved stable community reintegration in terms of housing, family, and employment. He fully complied with all terms of his incarceration and supervision with no violations during the 12+ years he spent incarcerated and under supervision. He had no aggravated role in the offense, no violence or weapons in this offense, and is not using, nor has he ever used, controlled substances. He has no psychiatric issues. He enjoys the support of his community and large extended family. He is an ideal candidate based on every factor the Court must consider for granting his motion. Finally, and most importantly, granting this motion will allow Defendant Hasanoff provide for a better life for his wife and four children, who were not parties to anything having to do with Mr. Hasanoff's crimes and who continue to suffer the consequences of them. Mr. Hasanoff understands, and fully accepts, this is his fault and his alone and makes no excuses for them. He takes full responsibility and is humbly requesting this Court to help him make a better life for his family.

IV. CONCLUSION

Given the material change in Mr. Hasanoff's economic circumstances with the birth of a child and another entering college, and other factors outlined above, he respectfully requests that the Court order that his amount of restitution be terminated under 18 U.S.C. § 3664(k) or, in the alternative, reduced to nominal sum of below $10,000

The Court did not impose restitution in this case. If the penalty to which the defendant is referring is forfeiture, the Court has no power to alter his sentence.

Respectfully submitted,

*Sabirhan Hasanoff*
SABIRHAN HASANOFF, PRO-SE
19 BOXWOOD LANE
FARMINGDALE, NY 11735

SO ORDERED:  N.Y., N.Y.  10/3/22

*Kimba M. Wood*
KIMBA M. WOOD
U.S.D.J.

Dated: 8/18, 2022